454 So.2d 657 (1984)
Russell Scott GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1613.
District Court of Appeal of Florida, Fifth District.
July 19, 1984.
Rehearing Denied August 23, 1984.
*658 James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
On October 27, 1983, the trial court revoked Gordon's probation and pursuant to the new sentencing guidelines sentenced him to three years imprisonment for second degree grand theft. § 812.014(2)(b), Fla. Stat. (1983). This sentence exceeded the presumptive guideline range by two cells. We affirm.
The trial court's reason for departing from the guidelines was that under the guidelines Gordon would receive no additional punishment for having violated the terms of his probation. In this case, although the recommended range was any non-state prison term,[1] the trial court could not give Gordon any jail time, because he had already served or received credit for 365 days in the county jail. The court expressly wrote on its sentencing score sheet: "The defendant had already received the maximum sentences provided under the guidelines before he violated his probation.
As we said in Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984), a violation of probation may serve as a legitimate reason to exceed the presumptive sentence, provided rule 3.701(d)(11) is followed. We think the court gave "clear and convincing" reasons under rules 3.701(b) and 3.701(d)(11) in this case. Accordingly, the sentence is
AFFIRMED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Fla.R.Crim.P. 3.988(f). The committee note to Florida Rule of Criminal Procedure 3.701(d)(8) states that the category of non-state prison sanction "allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone or any none incarcerative disposition." The committee notes have been adopted as part of the rules by the supreme court. The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984).