454 So.2d 686 (1984)
Roger Lee BOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. AW-13.
District Court of Appeal of Florida, First District.
August 6, 1984.
Rehearing Denied September 7, 1984.
*687 Michael E. Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Richard A. Patterson, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Roger Lee Bogan appeals from the imposition of sentence after his probation was revoked. Bogan argues on appeal that the sentencing court did not provide a "clear and convincing reason" for its departure from the sentencing guidelines under which he had elected to be sentenced. We affirm.
Bogan pled guilty to aggravated assault and opposing an on-duty officer with violence, both third-degree felonies, on 29 March 1975. He did not appear for sentencing and was not apprehended until 25 May 1981. Bogan thereafter received two concurrent five-year terms of probation, which were revoked on 13 October 1983 based on the violation by him of several conditions of the probation. Bogan was sentenced on the same date, based primarily on a sentencing guidelines scoresheet. See Rule 3.701(d), Fla.R.Crim.P. The primary offense at conviction was stated to be "aggravated battery," a second-degree felony at the time of sentencing and Bogan was therefore assigned 105 points in this category. His total score was 134 points, which correlates to the recommended sentence range of "community control or 12-30 months incarceration." The sentencing court determined to depart from this recommendation, stating the following written reasons therefor:
Probation or any nonstate sanction is recommended by the Probation Officer, in its Pre-Sentence Investigation report following the sentencing guidelines. However, probation officials candidly recommend a departure from the sentencing guidelines for Mr. Bogan due to the fact he has indicated by his behavior and attitude that he will not cooperate with probation officials or respond to probation supervision. With this the court agrees. Even a cursory glance of the defendant's past records indicates he has grossly abused the privilege of probation granted to him by the court. In placing a defendant on probation, the court is saying that justice and welfare of society does not require the defendant to suffer the full punishment of the law; but when such privilege is given, and the beneficiary of same grossly abuses it, then harsher sanctions, at least, are absolutely necessary.
The court thereupon sentenced Bogan to four years imprisonment on the aggravated battery charge, with a consecutive four-year term of probation on the charge of opposing the officer with violence.
*688 Bogan argues that the court's reasons for departure from the guidelines were not "clear and convincing" as required by Rule 3.701(d)(11), Fla.R.Crim.P.[1] First of all, his probation officer had not recommended "probation or any nonstate sanction" as stated by the court, but rather a brief period of incarceration followed by a period of probation. Further, the reason that he "has indicated by his behavior and attitude that he will not cooperate with probation officials or respond to probation supervision" does not reach the level of "clear and convincing." Bogan asks the court to compare the Minnesota sentencing guidelines which, similarly to Florida's, require "substantial and compelling" reasons to justify departure. The Supreme Court of that state has held that nonamenability to probation does not justify departure from the guidelines. See State v. Barnes, 313 N.W.2d 1 (Minn. 1981).
Bogan also points out that he was incorrectly scored for aggravated battery, a second-degree felony, instead of aggravated assault, a third-degree felony, resulting in the assignment of a score of 105 points for primary offense rather than 73 points in that category. This in turn caused determination of the incorrect sentence range, the correct range being "any nonstate prison sanction." Bogan concludes by arguing that even should this court find the reasons for departure to be "clear and convincing," the departure herein was excessive.
We agree that the sentencing court erred in placing any reliance on the alleged recommendation of Bogan's probation officer that a term of probation be imposed, as the record clearly reflects that no such recommendation was made. It is also apparent that Bogan is correct in his contention that his scoresheet was improperly prepared. Whether the primary offense of conviction was aggravated assault or aggravated battery, both were third-degree felonies at the time of Bogan's guilty plea of 29 March 1975.[2] The proper score was therefore 73, not 105 points, resulting in a recommended range of "any nonstate prison sanction." Despite these errors, in our opinion reversal is not mandated.
We think that Bogan's past abuse of probation, demonstrated by his numerous violations thereof, and referred to by the sentencing court in its written reasons for departure, is a "clear and convincing reason" for departure from the guidelines in this case and, to the extent that the Minnesota case cited by Bogan is inconsistent with this holding, it is rejected. We note that we are joined in our holding by the recent opinion in Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984), which held that a violation of probation may serve as a legitimate reason to exceed the presumptive sentence established in the guidelines provided the basis is stated in writing. Carter at 954. We do not agree with Bogan that the departure herein was excessive. The sentence imposed was within the statutory limits. The sentence herein appealed is therefore affirmed.
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] (d) General rules and definitions.

11. Departures from the guideline sentence: Departures from the presumptive sentence should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.
[2] See Sections 784.04 and 784.05, Florida Statutes (1973). In Chapter 74-383, § 20, Laws of Florida, the penalty for aggravated battery was increased to a second degree felony, but that act was not effective until 1 July 1975.