454 So.2d 790 (1984)
Johnny Lee WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-53.
District Court of Appeal of Florida, Fifth District.
August 30, 1984.
*791 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This is another appeal from a guidelines sentence. We affirm.
Appellant Johnny Lee Williams was charged by a two-count indictment with first degree murder and killing of an unborn child by injury to the mother. The appellant pled guilty to second degree murder and manslaughter, lesser included offenses, and elected to be sentenced under the new sentencing guidelines.
Appellant contends that because the crimes to which he pleaded both involve death of the respective victims, the trial court erred in adding to his point score any points for "victim injury," because in so doing the court improperly aggravated his score by a factor inherent in the respective crimes.
While it is true that the Sentencing Guidelines Commission could have constructed the point scoring system for a homicide conviction in such manner as to include victim injury within the scope of the crime itself, it clearly chose not to do so. This concept is indicated by the scale of points listed for Category 1, Homicide, in Florida Rule of Criminal Procedure 3.988, as well as in Rule 3.701(d)(7) which provides that victim injury shall not be scored if not a factor of an offense at conviction. Since the same chart would be used for an attempted homicide where there could be any degree of victim injury from none to severe, but not death, the intent of the commission to separately add points for victim injury becomes clear.
We hold that adding points for victim injury (death) in a homicide case is not an unlawful "doubling" or enhancement but is a product of a mathematical calculation by which the initial offense is scored at a proportionately lower rate so that victim injury may be added where appropriate, in arriving at a total point score. Since the trial court properly included points for victim injury in the two homicides, there was no error in the sentences. Accordingly, the sentences are
AFFIRMED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.