ORFINGER, Judge.
Appellant pleaded guilty to violation of probation, and elected to be sentenced under the new sentencing guidelines. The trial court rejected this request because the crime for which appellant had originally been placed on probation had occurred pri- or to the effective date of the guidelines. We remand for resentencing.
The State’s contention that appellant may not appeal because he pleaded guilty is not well taken. Á defendant may appeal a sentence which he contends is not in conformity with the guidelines, even after the entry of a guilty plea to the substantive charge. Key v. State, 452 So.2d 1147 (Fla. 5th DCA 1984).
On the merits, a defendant who was placed on probation prior to the effective date of the new sentencing guidelines and whose probation is revoked after they became effective may elect to be sentenced under the guidelines. Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984). This follows the supreme court’s mandate that the guidelines apply to sentences imposed after the effective date of the rule for applicable crimes committed prior thereto, where affirmatively selected by the defendant. In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla. 1983). Because defendant so elected here, he was entitled to be sentenced in accordance with the guidelines, although the trial court may determine, for clear and convincing reasons, that a departure from the guidelines is warranted. See, e.g., Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). Gordon v. State, 454 So.2d 657 (Fla. 5th DCA 1984).
The sentence is vacated and the case is remanded to the trial court for resentenc-ing.
REMANDED FOR RESENTENCING.
COBB, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.