455 So.2d 451 (1984)
Carolyn HIGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-113.
District Court of Appeal of Florida, Fifth District.
September 6, 1984.
*452 James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Division, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This is an appeal from a sentence wherein the trial court departed from the sentencing guidelines.[1] We affirm.
Appellant pled guilty to grand theft in the second degree (a third degree felony) and elected to be sentenced under the sentencing guidelines.[2] Despite one prior felony conviction, numerous prior misdemeanor convictions, and the fact that the instant crime had been committed while appellant was on probation, under the guidelines appellant still qualified for "any non-state prison sanction." The trial court sentenced her to twenty-four months in state prison, and she appeals.
As required by Rule 3.701(b)(6), the court made the following written statement listing the reasons for departing from the recommended guideline sentence:
(1) Defendant's previous 4 misdemeanor and 1 Felony theft convictions demonstrate she is an habitual thief (2) She has used an alias for no valid reason (3) she has maintained only sporadic employment (4) while she has received county jail time and supervised probation w/condition of 180 days county jail in past cases, this has failed to rehabilitate her (5) She received 24 mon. DOC sentence in Case # 80-900 this date and in view of this, a guideline sentence of 364 days would seem meaningless.
The twenty-four-month sentence referred to in the statement of reasons was the sentence appellant had received that same morning when her earlier probation was revoked because of the crime for which she was being sentenced here.
Appellant argues that the reasons for departure, either standing alone or together, are not enough to warrant such departure as occurred here. We agree on points two and three, but disagree on the others.
Appellant's use of an alias does not appear in and of itself to constitute a clear and convincing reason for departure. Neither should appellant's sporadic employment be grounds from departing from the guidelines. A sentence should not be aggravated simply on the basis of an individual's employment status. We find, however, that grounds (1), (4) and (5) as stated by the trial court are sufficiently "clear and convincing *453 reasons" for departure from the guidelines.
Among the principles embodied in Rule 3.701(b) we find the following:
* * * * * *
2. The primary purpose of sentencing is to punish the offender. Rehabilitation and other traditional considerations continue to be desired goals of the criminal justice system but must assume a subordinate role.
* * * * * *
6. While the sentencing guidelines are designed to aid the judge in the sentencing decision and are not intended to usurp judicial discretion, departures from the presumptive sentences established in the guidelines shall be articulated in writing and made only for clear and convincing reasons.
If, as this rule indicates, judicial discretion still plays a part in the sentencing process, an appellate court should not reverse a sentence which departs from those guidelines absent a showing of an abuse of that discretion, which we believe to be the standard for appellate review. The rules do not articulate an exclusive list of specific reasons to which a court must adhere in order to depart from the recommended guidelines sentence; rather, they require only that in making such departure, a court must give written reasons which are "clear and convincing." This omission of a "laundry list" of aggravating or mitigating circumstances appears to be a deliberate decision of the Study Commission rather than an oversight.[3]
We have previously held that a trial judge may depart from the guidelines based on a defendant's prior record of criminal convictions. Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984). Additionally, the defendant had previously been given county jail time and supervised probation with county jail time for previous crimes, but had committed other crimes notwithstanding. She committed the instant crime while on probation for the commission of an earlier felony. We can understand the trial court's frustration in concluding that these earlier efforts had failed to rehabilitate the defendant and had obviously failed to punish her sufficiently so as to deter further criminal activity, and that a "guideline sentence of 364 days (in county jail) would be meaningless." He was correct in concluding that something more than a "non-state prison sanction" was required to appropriately punish defendant and be meaningful. We do not find an abuse of the court's sentencing discretion in sentencing her to a twenty-four month term to be served concurrently with the same sentence given her for the probation violation, so the sentence is
AFFIRMED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.701.
[2] "The sentencing guidelines adopted herein will be effective for all applicable offenses committed after 12:01 A.M., October 1, 1983, and, if affirmatively selected by the defendant, to sentences imposed after that date for applicable crimes occurring prior thereto." In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983).
[3] The trial judges were cautioned that at no time should sentencing guidelines be viewed as the final word in the sentencing process. The factors delineated were selected to ensure that similarly situated offenders convicted of similar crimes receive similar sentences. Because a factor was not expressly delineated on the score sheet did not mean that it could not be used in the sentence decision-making process. The specific circumstances of the offense could be used to either aggravate or mitigate the sentence within the guideline range or, if the offense and offender characteristics were sufficiently compelling, used as a basis for imposing a sentence outside of the guidelines. The only requirement was that the judge indicate the additional factors considered.

Sundberg, Plante and Braziel. Florida's Initial Experience With Sentencing Guidelines, 11 Fla. St.U.L.Rev., 125, 142 (1983).