455 So.2d 1153 (1984)
Carey Daniel MAGED, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1705.
District Court of Appeal of Florida, Fifth District.
September 20, 1984.
*1154 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant originally pled guilty to three counts of violation of the statutory offense of fraudulent deposit of item (§ 832.05(3), Fla. Stat.) and was placed on probation. Appellant violated his probation and it was revoked and sentences were imposed on the original offenses. In sentencing appellant the trial judge departed from the presumptive sentence established by the Sentencing Guidelines set forth in Florida Rule of Criminal Procedure 3.701 and Form 3.988(f), and, as required by Rule 3.701 b. 6. and d. 11., articulated in writing his reason for deviating as being the fact that as to these crimes appellant had been placed on probation and had violated the terms of that probation by absconding.
We have recently held that, in the exercise of judicial sentencing discretion and when articulated in writing, a violation of probation may serve as a clear and convincing reason for departure from a guideline sentence. See Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
DAUKSCH, J., concurs in conclusion only.