ON PETITION FOR REHEARING
DOWNEY, Judge.
We previously affirmed this case without opinion. 455 So.2d 1042. On rehearing appellant cites several cases including one of our own, which held that a defendant sentenced after October 1, 1983, is entitled to be sentenced under the new sentencing guidelines. We have no quarrel with those cases but hold them inapposite.
Appellant and others were charged with 1) solicitation to traffic in marijuana and 2) trafficking in marijuana. At a plea conference, held April 20, 1983, all agreed to plead guilty to the solicitation charge in return for a sentence not to exceed five years and a nolle prosequi of the trafficking count, which carried a mandatory minimum sentence of three years. The trial court specifically warned the defendants they could assume they would each receive a sentence of five years unless some circumstance dictated a lesser sentence. Appellant was unable to appear at sentencing in September 1983 when the others were sentenced. At his sentencing October 26, 1983, appellant contended that, despite this plea bargain, he was entitled to be sentenced under the guidelines effective October 1, 1983.
Appellant cites Knight v. State, 455 So.2d 457, First District Court of Appeal, 1984, 9 F.L.W. 1707, as authority for sentencing under the guidelines. There the defendant failed to appear for sentencing prior to October 1, 1983, and a capias was issued. Defendant turned himself in and was sentenced after October 1, 1983, and the appellate court held the trial court was required to sentence defendant under the guidelines.
We would distinguish that case without approving its holding. Knight was convicted; no deals were made, and his sentencing occurred after the effective date of the guidelines. Here, appellant made a deal; he agreed to plead guilty to solicitation with a maximum sentence of five years. The court advised appellant he would probably receive five years. Having bargained for a maximum sentence appellant agreed he could be sentenced to any period within the five year maximum. In return for the guilty plea appellant received the benefit of a nol pros of the trafficking count. At sentencing the trial judge and the State offered to allow appellant to withdraw his plea and face prosecution under both counts of the information. However, appellant declined to withdraw his plea expressly stating through counsel, “Your Honor, we are prepared to be sentenced and to keep the issues as limited as they *1265 are right now.” Put another way, appellant chose to accept the benefits of the plea but reject the detriments, if any there be. We trust the state of the law has not degenerated to permit a defendant to reject the detriments of a plea bargain and retain only the benefits.
We adhere to our former decision affirming the sentence imposed by the trial judge who was a prominent member of the Flori-da Supreme Court Sentencing Study Committee, which helped formulate the sentencing guidelines.
ANSTEAD, C.J., and WALDEN, J., concur.