458 So.2d 320 (1984)
Lloyd E. ALBRITTON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-204.
District Court of Appeal of Florida, Fifth District.
September 27, 1984.
Rehearing Denied November 2, 1984.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is another sentencing guidelines case.[1]
The defendant pled guilty[2] to DWI manslaughter (§ 316.1931(2), Fla. Stat. (1983), formerly § 860.01(2), Fla. Stat.) and driving while license suspended or revoked (§ 322.34, Fla. Stat.) and elected guideline sentencing. The trial judge stated three reasons for departing from the guidelines suggested or recommended sentence (3-7 years incarceration) and for imposing a fifteen year sentence on the DWI manslaughter charge. The first reason given was the fact that the defendant's driving privilege had been revoked at the time of the commission of the DWI manslaughter offense was not scored on the guideline score sheet. This reason is incorrect as the defendant did receive an additional two points for the offense of driving while license was *321 revoked that was scored as an additional offense at conviction on the guideline score sheet. Another reason given for departure was that the guideline recommendation was inappropriately light and not in accord with the value society places on human life. Because we uphold the departure sentence in this case for the reason stated below, we do not comment on this reason but see Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984). The third reason given for imposing a sentence departing from the guideline recommendation was that the defendant had been convicted of seven offenses of driving while intoxicated over a fifteen year period. We specifically hold that this was a clear and convincing reason for the trial judge to depart from the guidelines suggested sentence in this case because the defendant's long continued drinking and driving problem and disregard for the safety of others, as evidenced by his multiple DWI convictions, was not a factor considered in the guidelines sentencing calculations and, hence, is an appropriate "clear and convincing" reason for imposing a sentencing that departs from the guidelines recommendation. Cf., Boyett v. State, 452 So.2d 958 (Fla. 2d DCA 1984).
The defendant also argues that where some of the reasons given by the trial judge for departure are inadequate or impermissible and other reasons given are authorized and valid reasons this court should not merely affirm but must remand for the trial court to reconsider the matter and determine if it would depart solely on the basis of the good reasons given.[3] We do not agree. We assume the trial judge understood his sentencing discretion and understood that the mere existence of "clear and convincing reasons" for departing from the sentencing guidelines never requires the imposition of a departure sentence and that the trial judge believed that a sentence departing from the guidelines should be imposed in this case if legally possible. Accordingly, a departure sentence can be upheld on appeal if it is supported by any valid ("clear and convincing") reason without the necessity of a remand in every case. This assumption in the trial judge's continuing belief in the propriety of a departure sentence is especially safe in view of the trial court's great discretion under Florida Rule of Criminal Procedure 3.800(b) to reduce or modify even a legal sentence imposed by it within sixty days after receipt of an appellate mandate affirming the sentence on appeal.
Lastly, the defendant argues that even if the trial judge was authorized to depart from the guideline recommended sentence he was not justified in deviating from the recommended range to the extent of the sentence imposed in this case. The Florida sentencing guidelines place no restrictions on a departure sentence, hence the only lawful limitation on a departure sentence is the maximum statutory sentence authorized by statute for the offense in question.
AFFIRMED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] See § 921.001, Fla. Stat.; Fla.R.Crim.P. 3.701.
[2] See Key v. State, 452 So.2d 1147 (Fla. 5th DCA 1984).
[3] For an argument by analogy the defendant cites Jackson v. State, 449 So.2d 309 (Fla. 5th DCA 1984), which relates to the revocation of probation for multiple violations some but not all of which are disapproved on appeal. However, many cases affirm without remand a revocation of probation based on any valid violation charge although on appeal other violation charges are found not to be supported in law or fact. See, e.g., Cikora v. State, 450 So.2d 351 (Fla. 4th DCA 1984). This court has previously affirmed without remand where a departure sentence is based on insufficient reasons as well as sufficient ones, see Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984). Cf., Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984).