COWART, Judge.
This is another sentencing case involving a departure from the sentencing guidelines. In In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983), the supreme court provided that “[t]he sentencing guidelines adopted herein will be effective for all applicable offenses committed after 12:01 a.m., October 1, 1983, and, if affirmatively selected by the defendant, to sentences imposed after that date for applicable crimes occurring prior thereto.”
In 1980, appellant pled guilty to grand theft and was placed on probation. On November 10,1983, appellant pled guilty to violating his probation and filed a written election to be sentenced under Florida Rule of Criminal Procedure 3.701, the sentencing guidelines. Under those guidelines (Form 3.988(f), Category 6), appellant fell into the lowest recommended range: any non-state prison sanction. At sentencing the trial judge sentenced appellant to a two year term of imprisonment stating no reason other than that the guidelines were inapplicable.
By virtue of appellant’s election the sentencing guidelines were applicable. See Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984). In sentencing appellant the trial judge departed from the presumptive sentence under the guidelines without articulating in writing his reasons for deviating as required by Rule 3.701 b6. and dll.
We have recently held that, in the exercise of judicial sentencing discretion and when articulated in writing as required by the rules, a violation of probation may serve as a clear and convincing reason for departure from a guideline sentence. See Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
We vacate the sentence and remand for sentencing to the presumptive sentence or to a departure sentence imposed in accordance with the sentencing guidelines.
REVERSED AND REMANDED.
DAUKSCH and ORFINGER, JJ., concur.