456 So.2d 1300 (1984)
William D. FLEMING, Appellant,
v.
STATE of Florida, Appellee.
No. 84-459.
District Court of Appeal of Florida, Second District.
October 5, 1984.
Jerry Hill, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Tampa, for appellee.
*1301 SCHEB, Judge.
Defendant, William D. Fleming, contends that the court improperly sentenced him for robbery by imposing a sentence in excess of that recommended by the new sentencing guidelines.
Defendant pled guilty to the offense of robbery under section 812.13(2), Florida Statutes (1981). He also pled guilty to charges of dealing in stolen property and grand theft.
The trial judge decided to sentence the defendant outside the guidelines' recommendations. He sentenced him to seven and one-half years on the robbery charge and placed him on probation on the other two charges for fifteen and five-year terms consecutive to the robbery sentence but concurrent with each other.
The trial judge did not sign a written order citing his reasons for exceeding the presumptive sentence recommended by the guidelines. However, on the record he stated that he aggravated defendant's sentence for two reasons: (1) the defendant committed the dealing in stolen property and grand theft offenses while awaiting sentencing on the robbery charge, and (2) the robbery was an aggravated robbery.
Defendant argues that the trial court erred in sentencing him on the robbery conviction in excess of the sanctions recommended by the guidelines. He raises two points.
First, he argues that the trial court should not have considered factors used in scoring under the guidelines as a basis for aggravating his sentence. We reject this argument, because there is nothing in Florida Rule of Criminal Procedure 3.701 which says that factors used in scoring cannot also be considered to justify departure from the guidelines. See Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984), and Hendrix v. State, 453 So.2d 515 (Fla. 5th DCA 1984). Cf. Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984).
By committing the dealing in stolen property and grand theft offenses while awaiting sentencing on the robbery charge, the defendant established a pattern of committing new crimes. See Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984). Thus, the trial court could properly consider the timing of the commission of these offenses as a basis for departing from the guidelines. See Swain. See also Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984). Further, the trial court could properly consider the aggravating circumstances surrounding defendant's commission of the robbery offense. See Smith and rule 3.701(b)(3).
Second, defendant argues that the trial court erred in not entering a written order delineating the reasons why it departed from the guidelines. We urge trial courts to include written reasons with the sentencing order. Rule 3.701(d)(11). Nevertheless, we have previously rejected defendant's argument where, as here, the trial court sets forth clear and convincing reasons in the transcript of the sentencing hearing. Smith.[1]Accord, Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984). Contra, Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); and Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984).
Accordingly, we affirm defendant's conviction and sentence.
GRIMES, A.C.J., and DANAHY, J., concur.
NOTES
[1] We note that at the time of the filing of the briefs, counsel did not have available to them our opinion in Smith.