458 So.2d 37 (1984)
Karen A. MISCHLER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-151.
District Court of Appeal of Florida, Fourth District.
October 17, 1984.
Frank B. Kessler of Zwickel, Gross & Kessler, Lake Worth, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
A bookkeeper who stole cash from her roofing contractor employer appeals her aggravated sentence, the trial judge having departed from the guidelines. We reverse.
The trial court justified the departure because of its belief that white collar crime per se "deserves a harsher sanction." Also expressed was its distress at the defendant's "lack of remorse." Another given reason was that the theft involved sizable funds from a non-wealthy victim. The final explanation was the existence of a fiduciary relationship between the bookkeeper and her employer. We find all of these pronouncements unacceptable under the facts of this case.
"White collar crime" is susceptible to several interpretations. It obviously does not encompass all crime committed by one who occupies white collar status, otherwise rape by a bank president would qualify. Nor does it cover everyone who earns a living with brains rather than brawn. White collar crime is a crime involving theft, fraud or violation of trust made possible because of the relationship inherent in *38 the form of the employment.[1] White collar and/or social status go hand in hand so that the two are virtually indistinguishable. The guidelines unequivocally state that no court should aggravate a defendant because of his or her social or economic status.[2] Ergo, the trial judge here erred in aggravating the sentence because of this factor.
It is equally clear and convincing that to aggravate a sentence because the defendant shows "no remorse" is only acceptable if repugnant, odious and accompanied by a confession, either before or after the verdict. To cruelly torture a victim and admit pleasure at having done so is altogether different from professing innocence to the bitter end. How can one be expected to show remorse concurrently with the maintenance of innocence? Nor does a jury guilty verdict automatically extinguish the right to continued proclamation of blamelessness. Moreover, even if it did, defendants at sentencing could avoid aggravation by simply declaring their innocence and gratuitously expressing sorrow for the victim. Finally our supreme court has specifically ruled out lack of remorse as an aggravating factor in death penalty cases. Pope v. State, 441 So.2d 1073, 1078 (Fla. 1983). We know that capital crimes remain outside the guidelines but believe Justice Erlich expressed our view of lack of remorse in Pope more poetically than we can. Accordingly, we deem it error to depart from the guidelines for failure to show remorse in the face of unflagging protestations of innocence.[3]
Were the above the only two reasons for guideline departure in this case, our task would be easy. However, the experienced and able trial jurist had more to say. Specifically, he, in part, aggravated the sentence because the theft was of a large sum of money vis-a-vis the wealth of the victim whose small business was nearly bankrupted as a result. From this pronouncement, it is not unfair to conclude that the trial judge considered the social and economic status of the victim. However beguiling such a Robin Hood perspective appears at first blush, the guidelines speak only to the social and economic status of the defendant. In this case, the defendant was a bookkeeper. Whether she purloined money from a rich or poor employer should make no difference under the facts presented. However, we confess to experiencing difficulty before we concluded that the trial court abused its discretion on this particular issue and there remains the question of how we would react to a more harrowing tale. For example, imagine a thief who achieves the total child-like trust of a senile, lonely, friendless old widow then steals all her life savings, worldly goods and fond momentos. In such a setting, a white collar crime, as we have already defined it, would be committed, but the enormity of the emotional trauma to the victim coupled with a repugnant, odious fraud upon the helpless, might well excuse aggravation without an abuse of discretion.
Our final consideration is not unrelated to either the first or third reason relied on by the trial court. We refer to the articulated belief that a bookkeeper's relationship with her employer "involves [a] special trust and confidence ... different from theft from a stranger or from an unoccupied building." The truth of that is unarguable. The question is whether it clearly and convincingly supports a departure from the guidelines.
A judge who takes a bribe for a favorable ruling, or a public official who accepts illegal payoffs for his or her vote, are examples of white collar criminals who defile the very reason for their being. True, they enjoy elevated social status, which the *39 guidelines decree should not be used against them, but much more than social status is involved when those whom we appoint or elect to chart the course of the Republic, desecrate their oaths of office or profession. Such repugnant and odious behavior is a prostitution of that which they swore to protect and is clearly a convincing reason why a trial judge may depart the guidelines.
On a more modest plane, however, we have before us the case of a bookkeeper who has stolen between $14,000 and $19,000, depending on which version is accurate. Admittedly, the principle is the same. As a bookkeeper, she has betrayed her trust to keep an honest accounting. Yet, somehow her crime does not excite repugnance or odium and we therefore, confess that our conclusion as to what supports departure from the guidelines may well depend on degree rather than principle. Nonetheless we make no apology. After all, what constitutes abuse of discretion is little else than an overreaching of such magnitude or degree that it demands reversal in the eyes of the appellate beholders.
The trouble with the sentencing guidelines is that they themselves need guidelines.[4] By very definition, guidelines are not mandatory and in Florida they specifically disavow any intention to "usurp judicial discretion" and provide that the trial court can depart from them for "clear and convincing" reasons.[5] However, we note a paradox in the former guidelines (Florida Rule of Criminal Procedure 3.701(d)(11)) which contained the phrase: "Reasons for deviating from the guidelines shall not include factors relating to ... instant offense." What did that mean? There is no doubt it must have meant something because the Supreme Court removed the words "instant offense" and substituted "factors relating to prior arrests without conviction" in the latest amendment adopted May 8th, 1984. See 451 So.2d 824 (Fla. 1984). In a well worded special concurrence, Judge Ervin of the First District suggests that this phrase, and others, precluded the trial judge from taking other factors into account (see Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984)). In truth, the trial court and the district courts, as we do here, have taken other factors in the "instant" (now "primary") offense into account in nearly every reported case, almost all of which arose while the former guidelines were in vogue. Thus, if Judge Ervin be correct, we have built a mountain of incorrect law. It is to be hoped the Supreme Court will dispel our apprehensions. Meanwhile, we take comfort from the majority view in Manning, supra, and Florida Rule of Criminal Procedure 3.701(b)(3) which reads:
The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense. (emphasis supplied)
The definition of "clear and convincing reasons" is not given to us in the guidelines and no Florida court has yet attempted to define them. In Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983), Judge Dell struggled with the definition of "clear and convincing" evidence concluding that:
Our review of the foregoing cases convinces us that a workable definition of clear and convincing evidence must contain both qualitative and quantitative standards. We therefore hold that clear and convincing evidence requires that the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.
We like his definition as it pertains to evidence, but it does not appear readily *40 adaptable to reasons for departing guidelines.[6] Clear and convincing reasons for departure have been held in Florida to include violation of probation[7] repeated criminal convictions,[8] crime "sprees" or "binges,"[9] "careers" of crime,[10] extraordinary mental or physical distress inflicted on the victim,[11] and extreme risk to citizens and law enforcement officers.[12] We ask ourselves: What do all these reasons have in common? The answer appears to be an excess in crime which either results in repetitive convictions, successive probation violations which decry the likelihood of rehabilitation or unusual physical or psychological trauma to the victim.[13] To that, we now add crimes committed in a repugnant and odious manner.
Before us, we have an insignificant bookkeeper who has stolen cash, yet proclaims her innocence. There is nothing in the record to indicate prior convictions and her crime, though lamentable, is so common that it no longer rises to the level of either repugnance or odiousness. True, the victim suffered a major economic loss, but the record does not reveal him to have suffered severe physical or psychological trauma. Were we to uphold a departure from the guidelines in this case, it would serve as authority to do the same in most instances of embezzlement, a result obviously not intended when the guidelines were conceived.[14]
We recognize the implementation of sentencing guidelines is not an exact science. *41
*42 We also recognize that a trial judge retains discretion to depart from them for clear and convincing reasons. Therefore, deeming the matter to be of great public importance, we certify this entire case to the Supreme Court. More specifically, we ask the following question:
DOES THE THEFT BY A BOOKKEEPER OF A MAJOR PORTION OF HER EMPLOYER'S ASSETS CONSTITUTE A CLEAR AND CONVINCING REASON TO DEPART FROM THE GUIDELINES AND AGGRAVATE A SENTENCE?
REVERSED AND REMANDED FOR RESENTENCING WITHIN THE GUIDELINES.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] See Black's Law Dictionary (5th ed. 1979).
[2] The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984), Rule 3.701(b)(1).
[3] It is true that here the defendant's statement, to the effect that the victim had money and people with money rule the world, does weaken her protestations of innocence. Nevertheless she staunchly continued to maintain her guiltlessness.
[4] For an excellent analysis, see Spitzmiller, An Examination of Issues in the Florida Sentencing Guidelines, 8 Nova Law Journal 687 (1984).
[5] Rule 3.701(b)(6).
[6] Notwithstanding, Robert Wesley, former Director of the Sentencing Guidelines Commission, indicates in his Outline of the Guidelines that Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983) did provide a predicate for the clear and convincing reason standard.
[7] Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984); Neely v. State, 453 So.2d 129 (Fla. 5th DCA 1984); Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984); Gordon v. State, 454 So.2d 657 (Fla. 5th DCA 1984); Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984); Maged v. State, 455 So.2d 1153 (Fla. 5th DCA 1984); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984); Gordon v. State, 454 So.2d 657 (Fla. 5th DCA 1984).
[8] Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984). Contra Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984).
[9] Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984).
[10] Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984); Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984).
[11] Williams v. State, 454 So.2d 790 (Fla. 5th DCA 1984); Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984); Williams v. State, 454 So.2d 751 (Fla. 1st DCA 1984).
[12] Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984).
[13] The lone exception appears in the case of Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984), where "extreme risk" to third parties is included.
[14] We have examined most of the Florida decisions so far on the subject of sentencing guidelines. For the convenience of the bench and bar we list them below by subject matter:

Excessive use of force a good reason to depart guidelines
Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984);
Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984).
Extreme risk to physical safety of both citizens and law enforcement officers caused by the defendants during the perpetration and apprehension for this offense.
Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984).
Victim's injuries both physical and psychological may permit departure
Williams v. State, 454 So.2d 790 (Fla. 5th DCA 1984);
Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984);
Williams v. State, 454 So.2d 751 (Fla. 1st DCA 1984);
Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984).
Defendant on a crime spree can be aggravated
Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984).
Non-rehabilitative career criminals warrant departure
Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984);
Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984);
Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984);
Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984);
Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984);
Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984);
Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984);
Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984);
Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984).
Can depart from guidelines even though prior record has already been factored in on score sheet
Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984);
Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984);
Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984);
Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984).
Past criminal conduct not considered on score sheet can support departure
Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984);
Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984);
Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984);
Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984);
Contra Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984);
Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984);
Boyett v. State, 452 So.2d 958 (Fla. 2d DCA 1984).
Convictions in other states can support departure
Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984).
Speculation about possible further crimes not clear and convincing
Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984);
Davis v. State, 458 So.2d 42 (Fla. 4th DCA) issued simultaneously herewith.
Violation of probation is sufficient to allow departure
Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984);
Neely v. State, 453 So.2d 129 (Fla. 5th DCA 1984);
Gordon v. State, 454 So.2d 657 (Fla. 5th DCA 1984);
Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984);
Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984);
Atkinson v. State, 456 So.2d 568 (Fla. 5th DCA 1984);
Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984);
Maged v. State, 455 So.2d 1153 (Fla. 5th DCA 1984);
Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984);
Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984);
Klapp v. State, 456 So.2d 970 (Fla. 2d DCA 1984).
Probation is not a sentence controlled by guidelines
Cigelski v. State, 453 So.2d 840 (Fla. 1st DCA 1984).
Revocation proceedings are within sentencing guidelines
Olsen v. State, 458 So.2d 772 (Fla. 4th DCA 1984).
Mentally disoriented sex offender not subject to guidelines
Sweat v. State, 454 So.2d 749 (Fla. 1st DCA 1984);
Dorman v. State, 457 So.2d 503 (Fla. 1st DCA 1984).
Need of mental treatment does not warrant departure
Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984).
Mere failure to appear insufficient for departure
Harms v. State, 454 So.2d 689 (Fla. 1st DCA 1984).
Agreement as to sentence sufficient for departure
Key v. State, 452 So.2d 1147 (Fla. 5th DCA 1984);
Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984);
Green v. State, 460 So.2d 378 (Fla. 2d DCA 1984);
Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984).
Judicial discretion not usurped by guidelines
Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984);
Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984);
Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984);
Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984).
Departure upheld if even one of reasons is clear and convincing
Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984);
Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984);
Contra, Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984);
Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984);
Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984); Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984);
Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984).
Appeals from departure not barred by guilty plea
Hackney v. State, 456 So.2d 1209 (Fla. 5th DCA 1984).
Appeals not waived by failure of defendant to make contemporaneous objection
Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984); Rhoden v. State, 448 So.2d 1013 (Fla. 1984); See also Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984);
Jolly v. State, 454 So.2d 45 (Fla. 1st DCA 1984);
Perry v. State, 457 So.2d 543 (Fla. 4th DCA 1984).
Guidelines do not require defendant to "knowingly and intelligently" select to be sentenced under the guidelines
Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984);
Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984).
Conviction prior to effective date does not prevent election to use guidelines but election may be waived
Query v. State, 455 So.2d 554 (Fla. 1st DCA 1984);
Johnson v. State, 453 So.2d 411 (Fla. 1st DCA 1984);
Harms v. State, 454 So.2d 689 (Fla. 1st DCA 1984);
Carroll v. State, 454 So.2d 791 (Fla. 5th DCA 1984);
Olsen v. State, 458 So.2d 772 (Fla. 4th DCA 1984);
Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984);
Boyett v. State, 452 So.2d 958 (Fla. 2d DCA 1984);
Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984);
Knight v. State, 455 So.2d 457 (Fla. 1st DCA 1984);
McGrath v. State, 454 So.2d 694 (Fla. 1st DCA 1984);
Hernandez v. State, 456 So.2d 1263 (Fla. 4th DCA 1984);
Rutlin v. State, 455 So.2d 1347 (Fla. 5th DCA 1984).
Multiple score sheets are impermissible
Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984).
Written statement not required if reasons for departure transcribed
Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984);
Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984);
Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984);
Klapp v. State, 456 So.2d 970 (Fla. 2d DCA 1984);
Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984);
Rutlin v. State, 455 So.2d 1347 (Fla. 5th DCA 1984);
Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984);
Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984);
Contra Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984);
Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).
Statutory mandatory minimum sentence takes precedence over guidelines
Maynoldi v. State, 456 So.2d 587 (Fla. 3d DCA 1984).