458 So.2d 856 (1984)
Terry TOWNSEND, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1147.
District Court of Appeal of Florida, Second District.
November 9, 1984.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
This is another sentencing guidelines case. Defendant, Terry Townsend, appeals from the revocation of his probation and resulting prison sentences, contending that the trial court erred in departing from the sentencing guidelines without stating clear *857 and convincing reasons for the departure. We disagree and affirm.
Defendant pleaded nolo contendere on April 13, 1983, to attempted robbery and was placed on probation for four years. Subsequently, the state filed an affidavit alleging defendant violated his probation by failure to comply with: "Condition (5) in that on 1/11/84 he was arrested by the Polk County Sheriff's Department for Grand Theft, and on 1/20/84 he was arrested by the Lakeland Police Department for I  Robbery  Armed with Deadly Weapon and II  Possession of Firearm During Commission of Felony."
On April 17, 1984, defendant pleaded guilty to the charges of grand theft and armed robbery, and admitted the violation of probation. He elected to be sentenced under the new sentencing guidelines pursuant to section 921.001(4)(a), Florida Statutes (1983). See also In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983).
At the sentencing hearing defense counsel and the probation officer who prepared the presentence investigation report recommended that defendant be sentenced under the Youthful Offender Statute. The recommended sentence under the guidelines was a range of five and one-half to seven years, with a presumptive sentence of six years. The prosecutor requested a seven-year sentence. The court revoked defendant's probation, adjudicated him guilty of all four charges, sentenced him to concurrent terms of five years' imprisonment for attempted robbery, five years' imprisonment for grand theft, and nine years' imprisonment for each armed robbery. The court then stated that it was raising defendant's sentence "one block" because defendant was on probation and that the court did not consider that this was going outside the guidelines. However, the court went on to say that even if the sentence was considered to be outside the guidelines, it considered that the defendant's criminal history was a sufficient reason for the departure. This timely appeal followed.
Defendant argues that because his recommended guideline sentence took both his probationary status and prior adult criminal history into account, those factors cannot provide clear and convincing reasons for departure. He is incorrect. A violation of a substantive condition of probation can serve as a reason for a trial court to exceed the presumptive sentence range established in the guidelines, provided Florida Rule of Criminal Procedure 3.701(d)(11) is followed. Hernandez v. State, 457 So.2d 1155 (Fla. 2d DCA 1984); Tackett v. State, 458 So.2d 368 (Fla. 2d DCA 1984); Klapp v. State, 456 So.2d 970 (Fla. 2d DCA 1984). See also Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984) (probation violations for possession of marijuana and driving while under the influence of alcoholic beverages which were not contested by defendant justified departure); Boyett v. State, 452 So.2d 958 (Fla. 2d DCA 1984) (failure on probation, drinking problem, threat to society justified departure). Accord Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984) (violation or past abuse of or lack of amenability to probation justified departure); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984) (violation of probation may serve a legitimate reason for exceeding guideline sentence provided reason given in writing); Gordon v. State, 454 So.2d 657 (Fla. 5th DCA 1984) (violation of probation may serve as legitimate reason to exceed presumptive sentence where defendant had already received the maximum sentences provided under the guidelines before he violated probation); Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984) (violation of probation may justify departure provided basis is stated in writing). The violations alleged here were substantial, not contested by defendant and, therefore, provided a proper basis for sentencing outside the area of the guidelines.
Next, an offender's prior criminal history (including juvenile dispositions) can also provide a basis for departure from the *858 guidelines. Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984). See also Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984) (commission of earlier capital felony may properly be considered as additional reason for departure even though it cannot be considered in calculating applicable sentencing range); Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984) (juvenile convictions not counted in guidelines are clear and convincing reasons for departing from the guidelines). Accord Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984) (although the trial court was precluded from considering appellant's criminal and juvenile record in tallying up scoresheet to determine recommended sentence, it could properly use that history as reason for departure); Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984) (prior criminal conduct can support departure from the guidelines even though it has been considered in the scoring). Compare Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984) (juvenile arrests for which there had been no conviction cannot be used in calculating applicable sentencing range or as justification for departure).
Finally, as we noted in Addison v. State:
While a defendant may appeal a sentence outside the guidelines, it is not the function of this court to re-evaluate the exercise of the trial judge's discretion in this area. Rather, our role is to assure that there is no abuse of that discretion. Here, the trial judge stated his basis for departing from the guidelines in writing and imposed a sentence within the statutory parameters. Given this factual situation, no abuse of discretion has been shown.
Id. at 956. Likewise, in the case before us, we find no abuse of the discretion exercised by the trial court.
Accordingly, the sentence appealed from is affirmed.
OTT, A.C.J., and SCHOONOVER, J., concur.