PER CURIAM.
This is an appeal from a guideline sentence. Appellant was sentenced after a probation violation to a thirty month prison term. That sentence was within the cell next above that which should have been given. Because appellant violated his probation the judge was justified in sentencing him to the greater punishment. Atkinson v. State, 456 So.2d 568 (Fla. 5th DCA 1984); Maged v. State, 455 So.2d 1153 (Fla. 5th DCA 1984); Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984); Gordon v. State, 454 So.2d 657 (Fla. 5th DCA 1984); Neely v. State, 453 So.2d 129 (Fla. 5th DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
The record is sufficient to support the departure from the lower recommended sentence because the trial judge stated the reason on the record. Klapp v. State, 456 So.2d 970 (Fla. 2d DCA 1984); Hackney v. State, 456 So.2d 1209 (Fla. 5th DCA 1984).
The principal point appellant raises is that the trial judge erred in relying upon a memorandum of the Sentencing Guidelines Commission which recommended that judges be permitted to sentence a probation violator to punishment within the next higher cell of the guidelines without giving any reason for the greater sentence. Appellant says the recommendation had no effect in law because it had not been adopted by the supreme court or the legislature. While appellant is correct the recommendation had not been adopted, we cannot agree the judge erred. This court has held that a violation of probation constitutes sufficient grounds to depart from the guidelines. If we were to rule otherwise here we would be in conflict with a prior decision of this court.
AFFIRMED.
DAUKSCH, ORFINGER and COWART, JJ., concur.