463 So.2d 313 (1984)
Mark ODEN, William Runyon, and Gary Botto, Appellants,
v.
STATE of Florida, Appellee.
Nos. AY-68, AY-71 and AY-92.
District Court of Appeal of Florida, First District.
December 19, 1984.
Request for Certification Granted and Rehearing Denied February 7, 1985.
Conrad C. Bishop, Jr. and Stephen Murphy, Perry, for appellants.
Jim Smith, Atty. Gen., Andrea Smith Hillyer, Asst. Atty. Gen. for appellee.
MILLS, Judge.
In this consolidated appeal, Oden, Runyon, and Botto raise three issues. They contend the trial court erred in (1) ordering more complete and thorough presentence investigation reports, (2) denying motions for stay, and (3) departing from the sentencing guidelines. We affirm as to Issue I. We do not consider Issue 2. As to Issue 3, we find the trial court erred and vacate appellants' sentences.
Appellants were involved in an inmate riot at the Cross City Correctional Institution in January 1983. Following negotiations with the State, they pleaded guilty to attempting to cause a riot, throwing deadly missiles, and burglary. A condition of all three plea bargains was that the sentence imposed not exceed 12 years imprisonment consecutive to the sentence currently being served. The trial court conditionally accepted the pleas pending presentence investigation.
On the day scheduled for sentencing, the prosecutor informed the trial court that he felt the presentence investigations reports did not adequately reflect the defendants' participation in the riot. Over objections of defense counsel, the trial court deferred sentencing and directed that more complete and thorough presentence investigation reports be provided to the court.
*314 Thereafter, appellants filed with the trial court motions for stay pursuant to Florida Rule of Appellate Procedure 9.310(a). Defense counsel argued at the hearing on the motions that the motions should be granted in order to allow appellants to seek writs of prohibition with this Court overturning the trial court's order regarding the presentence investigation reports. The motions were denied.
At the subsequent sentencing hearing held on 23 February 1984, appellants affirmatively selected sentencing pursuant to the sentencing guidelines. In each case, the trial court stated it was deviating from the recommended range under the guidelines. There is, however, no written document in the record giving the trial court's reasons for departing from the guidelines.
Oden was sentenced to a total of ten years in prison. Runyon and Botto were each sentenced to a total of eight years in prison. All sentences were consecutive to those currently being served.
Appellants first argue the trial court erred in ordering more complete and thorough presentence investigation reports. The trial court, however, has a duty to inform itself of matters relevant to sentencing. Ordering a presentence investigation is therefore a matter within the trial court's discretion. Moody v. State, 418 So.2d 989 (Fla. 1982); Florida Rule of Criminal Procedure 3.710. That discretion was not abused in this instance.
We do not decide whether the trial court erred in denying the motions for stay. Having pleaded guilty, appellants may not raise this issue on direct appeal. See, Robinson v. State, 373 So.2d 898 (Fla. 1979); Section 924.06(3), Florida Statutes (1983).
It was reversible error for the trial court to depart from the guidelines without providing a contemporaneous written statement of the reasons therefor at the time each sentence was pronounced. Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984). We therefore vacate the sentences and remand for resentencing. Should the trial court again decide to depart from the guidelines, it should follow the requirements of Jackson.
The sentences are vacated and the cases remanded for resentencing.
ERVIN, C.J., and ZEHMER, J., concur.

ON REQUEST FOR CERTIFICATION OF CONFLICT
MILLS, Judge.
In following Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), on the issue of the need for written reasons for departing from the guidelines, we certify conflict, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(vi), with Bell v. State, 459 So.2d 478 (Fla. 5th DCA 1984); Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984); Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984); Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); Klapp v. State, 456 So.2d 970, 971 (Fla. 2d DCA 1984); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); and Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984).
ERVIN, C.J., and ZEHMER, J., concur.