482 So.2d 548 (1986)
James HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1205.
District Court of Appeal of Florida, Fourth District.
February 5, 1986.
*549 Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant was convicted of false imprisonment, burglary, and two counts of armed sexual battery on a frail sixty-five-year-old victim. The defendant appeals the trial judge's decision to depart from the guidelines and aggravate the sentence. We affirm.
As to the facts of this case, we content ourselves with a reproduction of the trial judge's order which in our opinion, articulates in writing clear and convincing reasons for the departure.
ORDER
THIS COURT finds clear and convincing reasons to depart from the Sentencing Guidelines. Pursuant to Florida Rules of Criminal Procedure 3.701, the following reasons are enumerated, to depart from the Guidelines' recommended sentence of seventeen (17) to twenty-two (22) years in the custody of the Department of Corrections:
1) The Court may  and does  consider aggravating circumstances and actions of MR. HARRIS in the commission of the instant offenses. Mischler v. State, 4 DCA, 9 FLW 2205 [458 So.2d 37 (1984)]. I specifically call attention to the excessive beating and use of force by MR. HARRIS in general; specifically, the beating that occurred after the burglary and rapes, outside the victim's home, as the victim was making a desperate attempt to flee. See, also: Smith v. State, 2 DCA, 9 FLW 1842 [454 So.2d 90 (1984)]; Harrington v. State, 2 DCA, 9 FLW 1960 [455 So.2d 1317 (1984)].
2) The crimes for which MR. HARRIS was convicted involved great violence and great bodily harm. It should be noted that these factors are not part of the original charge, in that the State charged and proved sexual batteries while "armed", and did not charge "great bodily harm". MR. HARRIS' actions disclosed a high degree of cruelty, viciousness and callousness to the victim, and for this reason also the Court departs from the Guidelines.
3) The victim in this case was particularly vulnerable due to her age and obvious frailty.
4) The strikingly similar crimes perpetrated in Corpus Christi, Texas indicates to this Court that MR. HARRIS acted out of premeditation, and possibly in need for Mentally Disordered Sex Offender treatment. See Sweat v. State, 1 DCA, 9 FLW 1825 [454 So.2d 749 (1984)]; Dorman v. State, 1 DCA, 9 FLW 1854 [457 So.2d 503 (1984)].
5) The Court does consider the mental trauma done to the victim of MR. HARRIS' actions. While the scoresheet prepared does consider physical injuries, the Court may consider the psychological trauma done. See: Green v. State, 2 DCA, 9 FLW 1385 [455 So.2d 586 (1984)]; Williams v. State, 5 DCA, 9 FLW 2221 [454 So.2d 790 (1984)]; Davis v. State, 4 DCA 9 FLW 2221 [458 So.2d 42 (1984)]. The Court was in a position to observe the victim's emotional state during her testimony, as well as testimony put on before this Court during sentencing.
For all of the above reasons, this Court hereby declares the Sentencing Guidelines' recommendation of seventeen (17) to twenty-two (22) years to be inadequate; *550 for the protection of the people of the State of Florida, and because of the above reasons, this Court hereby exceeds the Guidelines and sentences MR. HARRIS accordingly.
DONE in open Court this 26th day of April, 1985.
 /s/ Thomas M. Coker, Jr.
 THOMAS M. COKER, JR.
 JUDGE OF THE CIRCUIT COURT.
We find no merit in the remaining points on appeal.
AFFIRMED.
HERSEY, C.J., and DELL, J., concur.