451 So.2d 1027 (1984)
Isaac WEEMS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-219.
District Court of Appeal of Florida, Second District.
June 22, 1984.
*1028 Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This case involves the review of a sentence imposed outside the recommended guidelines.
Appellant pled guilty to charges of burglary of a structure, battery on a law enforcement officer, and resisting arrest without violence. All of the crimes occurred on September 3, 1983. However, sentencing took place after October 1, 1983, and pursuant to section 921.001(4)(a), Florida Statutes (1983), appellant affirmatively elected to be sentenced under the guidelines. Appellant's recommended sentence under the guidelines was "any nonstate prison sanction."[1] The court, however, determined to depart from the guidelines and imposed concurrent two year sentences on the two felonies and a concurrent six month term for resisting arrest without violence.
On the guideline form, the court gave as reasons for the departure:
Had this man been scored under burglary, he would come under 12-30 months because of the previous burglaries which can be counted. This man has been to State Prison twice before for burglaries  it apparently taught him nothing. This is his 11th burglary, although we can only "count" two. It is apparent he cannot make it on probation since he violated his last probation & his last parole. See attached.[2]
The court attached a record of appellant's prior offenses which included thirteen juvenile dispositions that were the equivalent of convictions had they been committed by an adult.
Appellant, who was twenty-seven years old at sentencing, argues that the court improperly relied upon his juvenile record to depart from the guidelines since Florida Rule of Criminal Procedure 3.701(d)(5)(c) excludes from the computation all prior juvenile dispositions more than three years old. In making this argument we believe that the appellant misconceives the theory of sentencing guidelines.
The purpose of sentencing guidelines is to promote more uniformity in sentencing without usurping judicial discretion.[3] While it was contemplated that most sentences would fall within the guidelines, it was also anticipated that from fifteen to twenty per cent of the sentencing decisions routinely would fall outside the recommended range.[4] To prevent an abuse of *1029 discretion, provision was made for an appellate review of the reasons given for departing from the guidelines. Fla.R. Crim.P. 3.701(d)(11).
The fact that appellant's juvenile record cannot be considered in calculating the applicable sentencing range does not mean that it cannot be considered by the court as a reason for departing from the guidelines. The only limitation on reasons for deviating from the guidelines is found in subsection (d)(11) which reads:
Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.[5]
There is nothing in rule 3.701 to suggest that matters excluded for purposes of guideline computation cannot be considered as reasons for departure from the guidelines.
The stated reasons provided an adequate basis for sentencing appellant above the recommended range.
AFFIRMED.
HOBSON, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] This computation took into account two prior felonies and three prior misdemeanors.
[2] The court's reference to scoring under burglary was prompted by the fact that while both the burglary and the battery of a law enforcement officer were third degree felonies, the battery of a law enforcement officer was the primary offense for purposes of calculation. Fla.R.Crim.P. 3.701(d)(3)(b). Under the recent amendment to the guidelines, appellant's primary offense would have been burglary rather than battery of a law enforcement officer. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988-Sentencing Guidelines), No. 65,216 (Fla. May 8, 1984) (which is subject to legislative approval pursuant to section 921.001(4)(b), Florida Statutes (1983)).
[3] Plante, Abernethy, Salokar & Kern, Judicial Sentencing-Help Is On The Way, 55 Fla.B.J. 536 (July-Aug. 1981).
[4] A. Sundberg, Statewide Sentencing Guidelines Implementation and Review, A Report to the Legislature, Jan. 7, 1982, at 22 (available from the Office of State Courts Administrator); Sundberg, Plante & Braziel, Florida's Initial Experience With Sentencing Guidelines, 11 Fla.St.L. Rev. 125, 142 (1983).
[5] Acknowledging that this wording was being misinterpreted, the Sentencing Guidelines Commission in a memorandum of February 9, 1984, to the bench, bar and others serving in the criminal courts stated:

The Commission has intended that this language be understood to provide that reasons for deviating from the guidelines shall not include arrests or charges relating to the instant offense for which convictions have not been obtained and shall not include prior arrests for which convictions have not been obtained. Other factors, consistent and not in conflict with the Statement of Purpose may be considered and utilized by the sentencing judge.
R. Wesley, Director, Sentencing Guidelines Commission, Memorandum on Sentencing Guidelines Modification, Feb. 9, 1984 (available from the Office of State Courts Administrator). The May 8, 1984, amendment to the rule changed the wording of subsection (d)(11) to further clarify the Commission's intent.