454 So.2d 90 (1984)
Derrick Tyrone SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2588.
District Court of Appeal of Florida, Second District.
August 24, 1984.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
*91 OTT, Judge.
This case involves the review of a sentence imposed outside the recommended guidelines. We hold that the reasons stated by the trial judge provided an adequate basis for sentencing appellant above the recommended range.
Appellant pled guilty to an armed robbery which occurred March 21, 1983. Sentencing took place on November 29, 1983, and pursuant to section 921.001(4)(a), Florida Statutes (1983), appellant affirmatively elected to be sentenced under the guidelines. Appellant's recommended sentence under the guidelines was five and one-half to seven years. The court decided to depart from the guidelines and sentenced appellant to life in prison. At the sentencing hearing, the court stated the following reasons for departure:
The reason for the departure from the guidelines are that the defendant used force, more than was necessary to commit the particular offense. He actually struck the victim and the victim was not offered any resistance of any kind. The victim had a gun at his head and pointed at him, and this was more force than necessary by the elements of the crime. Secondly, it appears that the defendant is indeed a murderer, a first-degree murderer, and his life still has been such up to this point that I see no reasonable opportunity to rehabilitation. And the indication is that his patterns are set and I look at him as an individual, I think, this is an appropriate sentence in view of the murder previously committed.
The first-degree murder referred to by the court was committed approximately twelve hours prior to the armed robbery. A jury conviction was obtained, and immediately subsequent to sentencing for the armed robbery the court imposed the death penalty for the first-degree murder.
Appellant first argues that the court's written reasons for departing from the guidelines, required by Florida Rule of Criminal Procedure 3.701(d)(11), are unintelligible. This argument is of no moment. We believe the oral reasons which appear in the transcript of the sentencing hearing are sufficient for purposes of the rule. See Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984).
Appellant next contends that because the amount of force used is a factor relating to the instant offense rule 3.701(d)(11) prohibits the court from using it as a reason for departure. In Weems v. State, 451 So.2d 1027 at 1029, n. 5 (Fla. 2d DCA 1984), this court quoted from a memorandum of the Sentencing Guidelines Commission explaining rule 3.701(d)(11):
The Commission has intended that this language be understood to provide that reasons for deviating from the guidelines shall not include arrests or charges relating to the instant offense for which convictions have not been obtained... .[1]
We conclude that the rule does not prohibit the court from considering aggravating circumstances and actions of the accused in the commission of the offense, including the amount of force used as a basis for departure from the guidelines.
Finally, we hold that appellant's commission of an earlier capital felony may be considered as an additional reason for departure. Capital felonies are not sentenced according to the guidelines. § 921.001, Fla. Stat. (1983). Rule 3.988 does not provide a means of scoring a capital felony as an additional offense at conviction.[2] The fact that a capital felony cannot be considered in calculating the applicable sentencing range does not mean it cannot be considered by the court as a reason for departing from the guidelines. See Weems.
*92 The stated reasons provided an adequate basis for sentencing appellant above the recommended guidelines range.
AFFIRMED.
GRIMES, A.C.J., and LEHAN, J., concur.
NOTES
[1] Rule 3.701(d)(11) has been amended to further clarify the Commission's intent. The Florida Bar: Amendment to Rule of Criminal Procedure (3.701, 3988-Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).
[2] It appears that the first-degree murder conviction was scored as a life felony for purposes of the "additional offense at conviction" portion of the scoresheet. This scoring fails to take into account that a capital felony was committed.