458 So.2d 422 (1984)
Frederick RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-556.
District Court of Appeal of Florida, Second District.
November 9, 1984.
*423 Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Defendant, Frederick Russell, challenges concurrent five-year prison sentences imposed outside the recommended sentencing guidelines for eleven counts of uttering a forged instrument contrary to section 831.02, Florida Statutes (1983), four counts of grand theft contrary to section 812.014, Florida Statutes (1983), and three counts of burglary contrary to section 810.02(3), Florida Statutes (1983). Defendant's sentence exceeds the recommended guideline range by two steps. We affirm.
At the time of defendant's sentencing on February 17, 1984, the guideline scoresheet stopped at "4+" for additional offenses and for prior record. Fla.R.Crim.P. 3.988.[1] Therefore, although defendant was being sentenced for numerous instant offenses and had numerous prior convictions, his guideline points were low and corresponded to a recommended sentence of between twelve and thirty months. The trial court, disturbed with this result, exercised its discretion to depart from the recommended sentence and expressly wrote on the sentencing scoresheet as reasons for departure, "Defendant had 15 3rd° felonies that were additional offenses at conviction. Also defendant had 14 prior 3° felonies. The above amounts exceed the number of offenses taken into consideration in calculating the guidelines score. Also considered was the variety of offenses."
Of course, defendant's additional convictions and prior record cannot be considered as factors in calculating the applicable sentencing range. But that does not mean that these factors cannot be considered by the court as reasons for departing from the guidelines. Townsend v. State, 458 So.2d 856 (Fla. 2d DCA 1984), and cases cited therein. As we stated in Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984):
The only limitation on reasons for deviating from the guidelines is found in subsection (d)(11) which reads:

*424 Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.
There is nothing in rule 3.701 to suggest that matters excluded for purposes of guideline computation cannot be considered as reasons for departure from the guidelines.
Id. at 1029.
Considering the merits of the case before us, we believe the trial judge stated clear and convincing reasons for sentencing defendant above the recommended range. We find no abuse of the judge's discretion has been demonstrated. See Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984).
Defendant further contends he was not properly credited with time served while awaiting the imposition of the sentences. We do not find merit in his argument because he has provided us with no record to substantiate such contention. We also note that the sentences imposed were all concurrent. However, in Case No. CRC8000728CFANO-C the judgment and sentence reads "shall run concurrent with ... CRC8000728CFANO-C." This appears to be a clerical error.
Accordingly, we remand this case for correction of the clerical error in defendant's written sentence as to Case No. CRC8000728CFANO-C but affirm the court's sentencing decisions in all other respects.
OTT, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] We note in passing that rule 3.988 has been amended and provides a changed form for computation which allows additional points to be assessed for every conviction "above 4." See The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). However, the amended rule cannot now be retroactively applied to defendant because it would be an ex post facto application of the rule as to him. See Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984); Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).