461 So.2d 965 (1984)
Benny Lee WEBSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-388.
District Court of Appeal of Florida, Second District.
November 14, 1984.
Rehearing Denied January 9, 1985.
*966 Jerry Hill, Public Defender, and David Dwiggins, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
The trial court departed from the sentencing guidelines when it sentenced appellant for robbery, burglary, and grand theft. Certain of the reasons relied upon by the trial court for departing are impermissible, i.e., other offenses for which no charges had been brought and no convictions secured. Nevertheless, we affirm.
The court gave a number of perfectly valid clear and convincing reasons for departing from the presumptive guidelines sentence. For example, he noted that the victims had suffered psychological harm, commenting their lives had been destroyed. See Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984). He further noted it was a negotiated plea which included the dropping of certain charges and was negotiated before the sentencing guidelines became effective with the understanding that defendant could receive up to life in prison. See Green v. State, No. 84-14 (Fla. 2d DCA Sept. 19, 1984). Also, the court felt that the robbery was an outrageous, antisocial act against defenseless people. The victims were tied up and held prisoner. Florida Rule of Criminal Procedure 3.701(d)(11) does not prohibit a court from considering aggravating circumstances and actions of the accused in the commission of the offense. See Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984).
We hold that a sentence departing from the guidelines can be upheld on appeal where supported by any valid clear and convincing reasons even though other improper reasons may be included. It is unnecessary to remand for resentencing, and the judgment and sentence are therefore affirmed. Accord Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984). Compare Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984).
Failure of the trial court to include written reasons in the judgment and sentence is not error where, as here, the reasons for the departure are clearly articulated in the record. Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984).
AFFIRMED.
HOBSON, A.C.J., and SCHEB, J., concur.