468 So.2d 322 (1985)
Steven Lamar RAGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1049.
District Court of Appeal of Florida, Second District.
April 10, 1985.
Rehearing Denied May 10, 1985.
*323 James Marion Moorman, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
Defendant appeals his convictions and sentences for armed robbery, grand theft, conspiracy to commit robbery, and carrying a concealed weapon. We strike the retention of jurisdiction provision of the sentences but otherwise affirm.
Defendant affirmatively selected to be sentenced under the sentencing guidelines. A scoresheet was prepared and submitted. The trial judge was aware of defendant's presumptive sentence under the guidelines. Thus, unlike our cases of Rasul v. State, 465 So.2d 535 (Fla. 2d DCA 1985) Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984), and Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984), the trial judge had sufficient information before him when he decided to depart from the recommended guidelines range in sentencing the defendant. Moreover, the trial judge set forth a number of reasons for departure in his comprehensive written order containing findings of aggravating circumstances. These reasons  defendant's violation of probation, his habitual course of violent criminal conduct indicating that he is unsuitable for probation or community control, and the facts and circumstances relating to the instant offenses  provide clear and convincing reasons supporting the trial judge's departure from the guidelines. Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984); Townsend v. State, 458 So.2d 856 (Fla. 2d DCA 1984) and cases cited therein; Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984) and cases cited therein. Any reference by the trial judge to impermissible reasons for departure from the guidelines does not vitiate these valid reasons. Brinson v. State, 463 So.2d 564 (Fla. 2d DCA 1985); Webster.
We agree with defendant's contention that the trial judge erred in retaining jurisdiction over his sentences pursuant to section 947.16(3), Florida Statutes (1983). A trial court is prohibited from retaining jurisdiction over a defendant in which the sentencing guidelines apply since parole is no longer available to him in such cases. Coward v. State, 465 So.2d 641 (Fla. 2d DCA 1985); Emory v. State, 463 So.2d 1242 (Fla. 2d DCA 1985); Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985). Accordingly, we strike the retention of jurisdiction provisions of the sentences but affirm the judgments and sentences in all other respects.
LEHAN and HALL, JJ., concur.