471 So.2d 625 (1985)
Juan MORALES, Appellant,
v.
STATE of Florida, Appellee.
No. 84-879.
District Court of Appeal of Florida, Second District.
June 21, 1985.
*626 J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
Defendant appeals his conviction and sentence for aggravated battery. We strike the retention of jurisdiction provision of the sentence but otherwise affirm.
Defendant affirmatively selected to be sentenced under the sentencing guidelines. A score sheet was prepared and submitted. The trial judge was aware of defendant's presumptive sentence under the guidelines. Thus the trial judge had sufficient information before him when he decided to depart from the recommended guidelines range in sentencing the defendant. See Ragan v. State, 468 So.2d 322 (Fla. 2d DCA 1985). Moreover, the trial judge set forth a number of reasons for departure in his comprehensive written order containing findings of aggravating circumstances. These reasons  defendant's outrageous actions and excessive use of force against defenseless people and the particular facts and circumstances relating to the instant offense  provide clear and convincing reasons supporting the trial judge's departure from the guidelines. Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984); Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984); Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984). Any reference by the trial judge to impermissible reasons for departure from the guidelines does not vitiate these valid reasons. Ragan.
We agree with defendant's contention that the trial judge erred in retaining jurisdiction over his sentences pursuant to section 947.16(3), Florida Statutes (1983). A trial court is prohibited from retaining jurisdiction over a defendant in which the sentencing guidelines apply since parole is no longer available to him in such cases. Ragan.
Accordingly, we strike the retention of jurisdiction provision of the sentence but affirm the judgment and sentence in all other respects.
SCHOONOVER and HALL, JJ., concur.