475 So.2d 1366 (1985)
Robert Gene FRANCIS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2028.
District Court of Appeal of Florida, Second District.
October 4, 1985.
John W. Day, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker and Candance M. Sunderland, Asst. Attys. Gen., Tampa, for appellee.
DANAHY, Judge.
The trial judge departed from the sentencing guidelines when he sentenced appellant for aggravated battery. The trial judge based his departure on three grounds: (1) the extent or severity of the attack on the victim; (2) the appellant's past record; and (3) the factual basis or circumstances surrounding the aggravated battery. On appeal, appellant challenges the validity of these grounds.
We agree that grounds (1) and (2) are impermissible reasons for departing from the guidelines. Victim injury and prior record are already factored in the guidelines *1367 to arrive at a presumptive sentence. Fla.R.Crim.P. §§ 3.701(b)(3)-(4), 3.701(d)(2)-(5), 3.701(d)(7), and 3.988(d). Points assessed under victim injury and prior record were utilized in calculating appellant's total guidelines score and in arriving at his recommended sentence. Thus it was error for the trial judge to reconsider these same two factors to justify departure from the guidelines. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The third ground, however, arguably constitutes a permissible reason for exceeding the recommended sentencing range. Although no specific facts are alluded to in the written order, at sentencing the trial judge commented at length on the facts and circumstances involved in this case. The trial judge was particularly concerned with the fact that appellant, after gaining proficiency with an extremely dangerous instrument, used that instrument to inflict a near lethal blow against the unsuspecting and unarmed victim who had done him no harm. Thus it becomes apparent that the trial judge's reference to "the factual basis for the charge" refers to appellant's actions in the commission of the instant offense. The trial judge was equally concerned that the blow left the victim with over $90,000 in medical expenses and in need of continuing medical care and daily assistance for his permanent injury. Consideration of facts and circumstances such as these does not violate Florida Rule of Criminal Procedure 3.701(d)(11) and may therefore provide a clear and convincing reason for departure. Hankey v. State, 458 So.2d 1143 (Fla. 5th DCA 1984); Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984); Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984); Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984), approved, 469 So.2d 128 (Fla. 1985).
Summarizing, we find that the departure in this case is grounded on both permissible and impermissible reasons. In such a case, our supreme court has recently held that "the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence." Albritton v. State, 476 So.2d 158 (Fla. 1985). Because we are unable to determine under the reasonable doubt standard that the impermissible reasons did not affect the departure sentence, we reverse appellant's sentence and remand for resentencing.
REVERSED AND REMANDED.
GRIMES, A.C.J., and OTT, J., concur.