GRIMES, Acting Chief Judge.
On September 27, 1984, appellant was sentenced to five years in prison under the sentencing guidelines for an aggravated assault committed on March 17, 1984.
During the interim between the commission of the offense and the date of sentencing, Florida Rule of Criminal Procedure 3.988(d) which scored “prior record” but ceased factoring prior convictions of “4+” was amended to reflect “prior convictions in excess of four.” The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 — Sentencing Guidelines), 451 So.2d 824 (Fla.1984). Under the guidelines in effect at the time appellant committed the crime, the recommended range for sentencing was thirty months to three and one half years imprisonment. At the time of sentencing, the trial court applied the guidelines in effect after the amendment which prescribed a presumptive range of seven to nine years for the same offense. A rule change which has a disadvantageous effect on an offender does not apply to crimes committed before the effective date of the rule change. Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985). Therefore, the court should have applied those guidelines which were in effect at the time appellant committed the crime. See Davis v. State, — So.2d -(Fla. 2d DCA Aug. 16, 1985) [10 F.L.W. 1972].
Appellant’s other points on appeal have no merit.
Accordingly, we affirm appellant’s conviction, but we reverse his sentence and remand the cause to the trial court for resentencing in accordance with the sentencing guidelines rule in effect when the crime was committed. On remand, the trial judge may either sentence appellant within the presumptive range or depart therefrom for clear and convincing reasons which should be stated in writing.
LEHAN and FRANK, JJ., concur.