481 So.2d 1233 (1985)
Orville Patrick KERR, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2720.
District Court of Appeal of Florida, Second District.
December 20, 1985.
Rehearing Denied January 27, 1986.
*1234 J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
On August 30, 1984, a jury found the defendant Orville Patrick Kerr guilty of second degree murder and possession of a short-barreled shotgun, violations of sections 782.04(2) and 790.221, Florida Statutes (1983). The offenses occurred on March 31, 1984. After hearing argument from counsel, the trial judge decided to depart from the sentencing guidelines and filed a written order setting forth his reasons for exceeding the guidelines. The defendant was sentenced to consecutive terms of ninety-nine years on the second degree murder count and five years on the possession charge. The court retained jurisdiction over one-third of defendant's sentence. The defendant appeals his sentences on two grounds.
First, defendant argues that the court incorrectly used a guidelines scoresheet based on the revised version of the category I scoresheet, which became effective on July 1, 1984. The Florida Bar: Amendment of Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). It reflected a range of seventeen to twenty-two years imprisonment. As defendant notes, Florida courts have previously held that the proper scoresheet is the version in effect at the time the crimes were committed. Jones v. State, No. BD-92 (Fla. 1st DCA Oct. 10, 1985) [10 F.L.W. 2330]; Lewis v. State, 475 So.2d 1367 (Fla. 2d DCA 1985) [10 F.L.W. 2293]; Beggs v. State, 473 So.2d 9 (Fla. 1st DCA 1985). In this case, that scoresheet, if used, would have recommended twelve to seventeen years incarceration.
Since the filing of this appeal, however, our supreme court issued its opinion in State v. Jackson, 478 So.2d 1054 (Fla. 1985), in which the court stated that a modification in the sentencing guidelines procedure is merely a procedural change which does not require application of the ex post facto doctrine. Therefore, on the authority of Jackson, we hold that it was not error for the trial court to use the revised version of the category I scoresheet in effect at the time of sentencing. See also Davis v. State, 480 So.2d 672 (Fla. 2d DCA 1985).
Second, defendant contends that the trial court erred in retaining jurisdiction over his sentence. A trial court may not retain jurisdiction over a defendant where sentencing guidelines apply, since parole is no longer available in such cases pursuant to section 921.001(8), Florida Statutes (1983). Ragan v. State, 468 So.2d 322 (Fla. 2d DCA 1985).
Accordingly, we strike the retention of jurisdiction provision of defendant's sentences. See Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985); Barr v. State, 473 So.2d 25 (Fla. 2d DCA 1985). Otherwise, we affirm the judgments and sentences.
DANAHY and CAMPBELL, JJ., concur.