BARKETT, Justice.
We initially granted jurisdiction because the decision below, Colbert v. State, 474 So.2d 218 (Fla.2d DCA 1985),* is in express and direct conflict with the decision reported as Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984), approved, 476 So.2d 161 (Fla.1985). See art. V, § 3(b)(3), Fla.Const. We find our recent decision in State v. Jackson, 478 So.2d 1054 (Fla.1985), issued after the jurisdictional briefs were filed in the case at bar, to be determinative.
In a variation on the usual post-Jackson theme, petitioner contends that the trial court erred by sentencing him under the guidelines in effect at the time the offenses were committed, as opposed to those in effect when he was sentenced. We agree.
Under the guidelines in effect at the time of the offense, petitioner’s recommended sentence with a score of 138 points was six years. The score included fourteen points for additional offenses at conviction. The trial court utilized those guidelines, but departed from the recommended sentence on the basis that the defendant had six additional offenses at conviction, and the guidelines scored the same number of points for four additional offenses as they did for any number of additional offenses in excess of four. The trial court believed this to be inadequate, construed the scoring to be limited to only four offenses, used the two additional offenses as a reason to depart, and sentenced petitioner to eight concurrent ten-year terms.
Florida Rule of Criminal Procedure 3.988(c) was amended between the time of the offense and the time of sentencing to specifically score the precise number of additional offenses at conviction. We need not determine whether the departure sentence under the prior guidelines was appropriate since pursuant to Jackson the defendant should have been sentenced in accordance with the guidelines in effect at the time of sentencing. Under those guidelines, departure for the reason given is clearly prohibited because the two robberies relied on for departure would be already specifically scored. See Hendrix v. State, 475 So.2d 1218 (Fla.1985). Accordingly, we quash the district court decision with directions that the matter be remanded to the trial court for the imposition of a guidelines sentence.
It is so ordered.
MCDONALD, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.
SHAW, J., dissents with an opinion.

 Although the decision below has been reported as an unexplained simple affirmance, the text of the district court’s opinion, in its entirety, reads as follows:
PER CURIAM.
Affirmed. Russell v. State, 458 So.2d 422, 423 (Fla. 2d DCA 1984). However, we recognize that Russell is in conflict with Young v. State, 455 So.2d 551, 552 (Fla. 1st DCA 1984).