493 So.2d 82 (1986)
George Thomas DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. BG-5.
District Court of Appeal of Florida, First District.
August 27, 1986.
Michael E. Allen, Public Defender, Tallahassee, for appellant.
*83 Jim Smith, Atty. Gen., Tallahassee and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
BARFIELD, Judge.
George Thomas Davis appeals his judgment and sentences for sexual battery and lewd and lascivious assault upon a child. The trial court sentenced appellant to the mandatory sentence called for by the sexual battery conviction and a concurrent fifteen year term on the conviction for lewd and lascivious assault. We affirm the convictions but reverse and remand for resentencing.
We find an error in the preparation in the sentencing guidelines scoresheet. The trial court scored the sexual battery, a capital offense, as the primary offense at conviction and the lewd and lascivious assault, a second degree felony, as an additional offense at conviction. Sentencing guidelines do not apply to capital felonies.
Appellant asserts that he was denied the benefit of an accurate scoresheet setting forth his recommended sentence because the capital felony was improperly scored as a life felony, citing Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984), and Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984).
The State concedes that the recommended sentence was improperly calculated, that the capital felony should not have been scored, and that the primary offense should have been the second degree felony (lewd and lascivious assault). The State asserts, however, that the trial court "clearly expressed its intent to impose the maximum statutory sentence" by imposing the statutory maximum for the second degree felony to run concurrent with the mandatory minimum 25 years on the sexual battery conviction, and that on remand the trial court could use the companion capital felony conviction as a clear and convincing reason for departure.
We agree with appellant that even if the trial court intended to impose the maximum statutory sentence, appellant was entitled to an accurately prepared scoresheet from which the trial court could depart only if it provided a clear and convincing reason. A trial court must have the benefit of a properly prepared scoresheet before it can make a fully informed decision on whether to depart from the recommended sentence. Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985). Since the rules of criminal procedure do not provide a means of scoring a capital felony as an additional offense at conviction, a capital felony may be considered by the trial court as a reason for departing from the guidelines. Weems v. State, 469 So.2d 128 (Fla. 1985).
The sentence imposed for the conviction of lewd and lascivious assault is REVERSED and the case REMANDED to the trial court for resentencing.
SHIVERS and ZEHMER, JJ., concur.