JOANOS, Judge.
Eugene Hill, Jr. appeals his judgment and sentences for three first degree felonies, two second degree felonies, one third degree felony and two life felonies. The trial court departed from the guidelines recommendation based on the emotional trauma suffered by the victims, and sentenced Hill to two life sentences plus 125 years, to run consecutively. We affirm the convictions but reverse and remand for re-sentencing.
We find that the state erred in preparing the sentencing scoresheet. The state scored the life felony, sexual battery with a deadly weapon, as the primary offense at conviction. All of appellant’s offenses, including the life felonies, occurred during one episode prior to October 1,1983, the effective date of the guidelines. Section 921.001(4)(a) Florida Statutes (1983) provides that
... “The guidelines shall be applied to felonies, except capital felonies, committed on or before October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.”
See State v. Smith, 470 So.2d 764 (Fla. 5th DCA 1985) affirmed, 485 So.2d 1284 (Fla.1986). Though appellant affirmatively elected to be sentenced under the guidelines, such an election does not apply to a life felony occurring prior to October 1, 1983. Wade v. State, 488 So.2d 127 (Fla. 3rd DCA 1986); Elizagarate v. State, 488 So.2d 129 (Fla. 3rd DCA 1986).
Recently this court held in Davis v. State, 493 So.2d 82 (1st DCA 1986) that where a sexual battery on a child, as a capital felony, was improperly scored as a primary offense, the capital felony which requires independent sentencing may be considered by the trial court as a reason for departure from the guidelines. See *567 Smith v. State, 454 So.2d 90 (Fla.2d DCA 1984).
We apply the same reasoning to the case before us. Here we are faced with a life felony that occurred prior to the effective date of the guidelines and so cannot be calculated with the other offenses in the scoring of defendant’s sentence under the guidelines. A first degree felony should be scored as the primary offense in this case, and the life felonies must be sentenced independently under section 775.-082(3)(a) Florida Statutes (1983) which provides:
(a) For a life felony committed prior to October 1, 1983 by a term of imprisonment for life or for a term of years not less than 30.
As in Davis, we find that, although the criminal rules of procedure do not provide a means of scoring a pre-guidelines life felony as an additional offense at conviction, a life felony may be considered by the trial court as a reason for departing from the guidelines. Weems v. State, 469 So.2d 128 (Fla.1985).
In resentencing appellant, the trial court should also consider the recent case of Derma v. State, 497 So.2d 736 (Fla.1986). Lerma pertains to the subject of emotional hardship as it applies to the sentencing guidelines.
The convictions are affirmed but the sentences imposed by the trial court are reversed and this case is remanded for resen-tencing.
THOMPSON and NIMMONS, JJ., concur.