SANDERLIN, Judge.
Following an attempted robbery in which a codefendant shot a store clerk, appellant was convicted and sentenced for attempted robbery without a firearm and aggravated battery without a firearm. There was substantial, competent evidence before the trial court to support the appellant’s convictions and finding no reversible error, we affirm his convictions.
On the guidelines scoresheet, attempted robbery without a firearm was mistakenly classified as a second-degree felony. According to sections 777.04(4)(c) and 812.13, Florida Statutes (1983), the crime is properly classified as a third-degree felony. Upon this error, the crime was scored at 50 points, resulting in a total score of 83 points and calling for a guidelines sentence of 2>⅝ to 4½ years. Had the crime been properly scored, the total would have been 67 points, with a guidelines range of 30 months to 3V2 years. Given this error, appellant’s sentences must be reversed and the case remanded for preparation of a corrected scoresheet and resentencing. Yohn v. State, 461 So.2d 263 (Fla. 2d DCA 1984).
After computing the score, the trial court departed and sentenced appellant to two consecutive 15-year terms. The reasons for departure were:
*1303 [Defendant's criminal history, the serious nature of the offenses involving the intentional use of violence, the serious nature of the injury to the victim, and the protection of the public.
The propriety of these reasons will be addressed in the order of their listing.

Defendant’s Criminal History

In its “Order of Aggravating Circumstances,” the trial court chronicled appellant’s extensive juvenile record. The record spans from January 24, 1978, to July 18, 1983, and includes nine encounters with the law. It reveals five juvenile adjudications of guilt; one (arson) on December 12, 1980; and four on January 9, 1981 (two counts of battery and two counts of assault). These adjudications were over three years old at the time of the crime, but were scored as prior convictions.
Juvenile convictions occurring within three years of the instant crimes shall be included in the prior record. Fla.R.Crim.P. 3.701(d)(5)(c). As a converse to this rule, juvenile convictions occurring over three years from the time of the crime cannot be included in the prior record. Weems v. State, 469 So.2d 128 (Fla.1985). Therefore, it was error to score these juvenile convictions on the scoresheet. However, those prior juvenile convictions, over three years old, could have been cited as reason for departure. Weems. See also Mullens v. State, 483 So.2d 92 (Fla. 2d DCA 1986).

Serious Nature of the Offense

In considering the serious nature of the offenses as a reason for departure, the trial court referred to the violence involved in the instant crimes, as well as the use of a firearm. This was error. The crimes of which appellant was convicted, i.e., attempted robbery and attempted aggravated battery, both without a firearm, inherently involved the use of violence. See §§ 812.13(2)(c) and 784.045(1)(a), Fla.Stat. (1983). An inherent component of the crime at conviction cannot support an upward departure from the guidelines. State v. Cote, 487 So.2d 1039 (Fla.1986); Cannada v. State, 472 So.2d 1296, 1299 (Fla. 2d DCA 1985). Regarding the use of a firearm as a reason for departure, we find that the jury’s verdict clearly reveals appellant did not use a firearm. Therefore, any reference to the use of a firearm by appellant does not support departure.

Serious Nature of the Injury to the Victim

As evidenced by the scoresheet, physical injury to the victim was factored into appellant’s total score. In Francis v. State, 475 So.2d 1366 (Fla. 2d DCA 1985), we held that since victim injury is already factored in reaching the presumptive sentence, it is “error for the trial judge to reconsider [victim injury] to justify departure from the guidelines.” Id. at 1367.
It is apparent from the record that the trial court based its departure on the severity of the victim injury. Our supreme court has recently held, however, that the severity of the victim injury is not a clear, and convincing reason for departure be-, cause victim injury is factored into the presumptive sentence. Vanover v. State, 498 So.2d 899 (Fla.1986) (reiterating its holding in Hendrix v. State, 475 So.2d 1218 (Fla.1985)). Accordingly, this reason is invalid.

Protection of the Public

Lastly, the trial court cited protection of the public as a reason for departure. This is not a valid reason for departure. Young v. State, 489 So.2d 199 (Fla. 2d DCA 1986).
Because none of the reasons for departure are valid, we reverse appellant’s sentences and remand to the trial court with directions that appellant be resentenced within the guidelines presumptive range.
Concluding its order, the trial court announced retention of jurisdiction over one-third of appellant’s sentences. We have repeatedly held that this is improper. Kerr v. State, 481 So.2d 1233 (Fla. 2d DCA 1985). See, e.g., Ragan v. State, 468 So.2d 322 (Fla. 2d DCA 1985).
Accordingly, we reverse appellant’s sentences and remand for resentencing within *1304 the guidelines. On remand, the trial court is further directed to prepare a correct scoresheet, and to refrain from retaining jurisdiction over appellant’s sentences.
DANAHY, C.J., and SCHEB, J., concur.