PER CURIAM.
Appellant/defendant Bobby Giles appeals from the imposition of a sentence outside the recommended sentencing guidelines’ range. The trial court considered the defendant’s lengthy record of convictions and found that the sentence should be enhanced (1) because there was no chance of rehabilitation, and (2) for the protection of society.
The reasons relied upon by the trial court for enhancing the defendant’s sentence have been held not to constitute valid reasons for departure from the guidelines. Hudson v. State, 504 So.2d 2 (Fla. 2d DCA 1986); Copeland v. State, 503 So.2d 1301 (Fla. 2d DCA 1987); Vega v. State, 498 So.2d 1294 (Fla. 5th DCA 1986); Frank v. State, 490 So.2d 190 (Fla. 2d DCA 1986); Young v. State, 489 So.2d 199 (Fla. 2d DCA 1986).
Accordingly, the sentence imposed is reversed and the cause remanded to the trial court with directions to impose a sentence within the guidelines’ range of 7-9 years.
Reversed and remanded with directions.