LEHAN, Judge.
This is an appeal from a sentencing guidelines departure following convictions of attempted first degree murder and armed robbery. We affirm the departure sentence based on the following two valid reasons given by the trial court.
1. The Defendant repeatedly used excessive force in a vicious and malevolent manner. While test driving a vehicle, the Defendant directed the salesman victim to drive to an orange grove where a relative was supposed to be working. After arriving in the grove, the Defendant pulled out a revolver and told the victim to stop the car and lay on the ground. Two or three shots were then fired at the victim’s head but he was not hit. The victim pleaded with the Defendant to let him go. The Defendant then took the victim’s wallet and shot him in the back of the head and walked back to the car. The victim attempted to get up, the Defendant went back over to the victim, made him lay on the ground again and fired another shot, hitting the victim in the hand when he raised his hand to protect his head. The Defendant again walked to the car, removed a lug wrench from the trunk, returned to the victim who was standing again and struck him several times in the head with the wrench. The victim tried to stand again and was again knocked to the ground by several blows of the wrench. The victim then laid motionless until the Defendant left. Medical costs to date have exceeded $7,400.00 and has involved three operations with more surgery anticipated.
2. The offense occurred approximately seven days after the Defendant was released from the Eckerd Youth Development Center where he had been committed by the juvenile court January 24, 1985.
As to reason number 1, see Francis v. State, 475 So.2d 1366 (Fla. 2d DCA 1985), Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984). As to reason number 2, see Bass v. State, 496 So.2d 880 (Fla. 2d DCA 1986).
We believe that the state has shown beyond a reasonable doubt that the departure sentence would not have been affected by the absence of other, invalid reasons given by the trial court. See Albritton v. State, 476 So.2d 158 (Fla.1985).
Affirmed.
RYDER, A.C.J., and SCHOONOVER, J., concur.