516 So.2d 1057 (1987)
Jesus RUIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2442.
District Court of Appeal of Florida, Third District.
December 15, 1987.
*1058 Bennett H. Brummer, Public Defender, and Robert Kalter, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
In imposing a sentence more severe than that recommended by the sentencing guidelines, the trial court gave as its reasons for departure that (1) the defendant is a habitual offender, (2) the defendant is a career criminal incapable of being rehabilitated, and (3) the defendant's pattern of criminal activity has escalated. The trial court also stated in its sentencing order that its departure sentence would have been imposed for any one of these reasons.
It is settled that the conclusion that a person is a habitual offender is not a valid reason for departure, Whitehead v. State, 498 So.2d 863 (Fla. 1986), and certainly arguable that the closely related conclusion that a person is a non-rehabilitatable career criminal is not a valid reason for departure. Compare Hendrix v. State, 475 So.2d 1218 (Fla. 1985) and Giles v. State, 512 So.2d 283 (Fla. 3d DCA 1987) and Harris v. State, 509 So.2d 1299 (Fla. 1st DCA 1987) with Williams v. State, 504 So.2d 392 (Fla. 1987) and Brown v. State, 513 So.2d 213 (Fla. 1st DCA 1987) and Ashley v. State, 510 So.2d 970 (Fla. 5th DCA 1987). However, because, as the defendant concedes, an escalating pattern of criminal conduct will justify an upward departure, Keys v. State, 500 So.2d 134 (Fla. 1986); Harris v. State, 509 So.2d 1299, the sentence imposed on the defendant will stand if it is shown beyond a reasonable doubt that the sentence would have been the same without the invalid reasons. Albritton v. State, 476 So.2d 158 (Fla. 1985). While we fully recognize that the trial court's statement that it would depart for any one of the three reasons given is not, standing alone, enough to establish beyond a reasonable doubt that the sentence would have been the same had it been imposed for the third reason only, Griffis v. State, 509 So.2d 1104 (Fla. 1987), we are otherwise convinced that such is the case. This is so because both the defendant's status as a habitual offender and his status as a career criminal incapable of being rehabilitated  the two invalid reasons for departure  are subsumed by the more inclusive valid reason, the escalating pattern of criminal activity. It is thus clear to us  quite apart from the trial court's self-serving statement  that the sentence would have been the same without the invalid reasons.
The defendant's remaining point merits no discussion, and his conviction and sentence are, accordingly,
Affirmed.