LEHAN, Judge.
This is another in the abundantly continuing flow to appellate courts in Florida of sentencing guidelines cases. This case illustrates complexities which can result from changes in the guidelines rules and in the principles governing the implementation of those rules.
Defendant was convicted of two armed robberies, as charged in two separate infor-mations, and six robberies, as charged in six separate informations. He was initially given sentences in 1984 which were departures from the guidelines in effect at the times of the offenses. Those sentences were ten years incarceration on each count, all sentences to run concurrently. This court affirmed, Colbert v. State, 474 So.2d 218 (Fla. 2d DCA 1985), but the Florida Supreme Court quashed that affirmance and remanded for resentencing in accordance with the guidelines “in effect at the time of sentencing,” which we construe as the guidelines in effect at the time of the resentencing which, in pertinent part, are the same as the guidelines now in effect. Colbert v. State, 490 So.2d 942, 943 (Fla.1986). (We hereinafter refer to the supreme court case as Colbert.)
On remand for resentencing the trial court sentenced defendant to a split sentence of five and one-half years incarceration and ten years probation for each armed robbery, both sentences to run concurrently. As to the robbery offenses, adjudication of guilt was withheld, but ten years probation was imposed for each. The presumptive guidelines sentencing range under the guidelines in effect at the time of *449 the resentencing was between four and one-half and five and one-half years incarceration. It is now contended that the guidelines in effect at the times of the offenses should apply, that each of the split sentences improperly exceeded the maximum guidelines range, and that the ten years probation should be reversed. We affirm.
The revision to Florida Rule of Criminal Procedure 3.701(d)(12) which was in effect at the time of the resentencing was reflected in the following Committee Note:
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law. (Emphasis added.)
Since armed robbery is a first degree felony punishable by life, the split sentence imposed by the trial court at resentencing did not “exceed the term provided by general law.”
The version of the rule which' was in effect when the crimes were committed in late 1983 and early 1984 was reflected in the following Committee Note:
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range. (Emphasis added.)
In this appeal defendant relies upon Miller v. Florida, 482 U.S. –, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), which was decided after Colbert and which held that to apply a change to the sentencing guidelines to a crime committed before the effective date of the change is an unconstitutional ex post facto violation when the change increases the penalty for the crime. It is argued that defendant should be sentenced in accordance with the guidelines in effect at the times of the offenses as indicated in the second above quoted committee note. That argument appears on the surface to have merit. The ten years probation, while not exceeding “the term provided by general law” as stated in the revision of the rule as reflected in the first above quoted committee note, does exceed “the maximum guideline range” under the earlier rule in effect when the offenses were committed. Thus, the ex post facto protections required by Miller might seem to apply.
It may therefore seem that we should remand for further resentencing pursuant to the guidelines in effect at the times of the offenses. For the following reasons we do not do so.
As stated above, defendant was convicted of two armed robberies and six robberies. At the first sentencing the six robberies were counted under the “4+” guidelines scoresheet category for additional offenses. The trial court at that first sentencing departed from the guidelines based upon the two robberies in excess of four under the additional offense category. That was a proper basis for departure because those two robberies had not been factored into the scoresheet. Russell v. State, 458 So.2d 422 (Fla. 2d DCA 1984), approved, 472 So.2d 466 (Fla.1985). But thereafter Florida Rule of Criminal Procedure 3.988 was revised so that, through the use of a table, additional points should be factored into the scoresheet for every conviction “[a]bove 4,” the effect being that no longer would the two robberies in excess of four constitute a proper basis for departure. That table was used in this case upon resentencing. Its use resulted in two additional points being added to the score-sheet under the additional offense category. The addition of those two points did not change the presumptive sentencing range, an aspect which is of no real significance to our holding in this case.
Thus, if we would now remand for resen-tencing pursuant to the guidelines in effect at the times of the offenses, the penalty to which defendant would thereby be exposed would be greater than that to which defendant would be exposed under the guide *450 lines in effect at the time of further resen-tencing. The reason, as indicated above, is that under the guidelines in effect at the times of the offenses, the trial court could again depart from the guidelines recommended sentence, as was done originally. That is, notwithstanding that the maximum potential split sentence total was, as pointed out above, greater under the guidelines in effect at the time of the resentencing as compared to those in effect at the times of the offenses, the trial court could depart potentially up to the maximum incarceration provided by statute for the offenses involved here if the guidelines in effect at the times of the offenses were used.
It does appear that under the guidelines in effect at the time of the resentenc-ing the trial court potentially could have tacked probation onto the incarcerative portion of the sentence imposed within the recommended guideline range so that the total split sentence would equal the maximum incarceration provided by statute for these offenses. But the potentiality of the trial court departing under the guidelines in effect at the times of the offenses and thereby imposing incarceration up to the maximum provided by statute would expose defendant to a greater penalty. District Courts of Appeal are restricted from reviewing the lengths of sentences imposed pursuant to the guidelines. See Tuthill v. State, 518 So.2d 1300 (Fla. 3d DCA 1987).
Therefore, we hold that the guidelines in effect at the time of the resentencing in this case applied. Cf. Connell v. State, 517 So.2d 77 (Fla. 2d DCA 1987). This happens to produce the same result as that under the direction of the Florida Supreme Court in Colbert which the trial court followed at the resentencing but takes into account the foregoing proscription pronounced subsequent to Colbert by the United States Supreme Court in Miller.[1]
Affirmed.
RYDER, A.C.J., and SCHOONOVER, J., concur.

. The state argues that since the scoresheet prepared under the guidelines in effect at the times of the offenses and the scoresheet prepared under the guidelines in effect at the time of resen-tencing have different tallies, one or both was wrong, citing State v. Viamari, 462 So.2d 1154 (Fla. 2d DCA 1984), for the proposition that erroneously prepared scoresheets are not binding. The state requests remand for preparation of a new scoresheet. However, the state does not identify errors in the scoresheets, nor have we found any in the scoresheet prepared under the guidelines in effect at the time of resentenc-ing.