525 So.2d 458 (1988)
Laurie WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-602.
District Court of Appeal of Florida, Second District.
May 11, 1988.
*459 James Marion Moorman, Public Defender, and Laura Griffin, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
In 1985, Williams entered a plea of guilty to the offense of welfare fraud, and received five years' probation. In 1987, she pled guilty to a violation of probation, and was sentenced to thirty months' incarceration followed by two years community control. This represented a one-cell departure from Williams' recommended guidelines sentence of "any nonstate prison sanction." The trial court stated Williams' probation violation as its basis for departure on the space provided in Williams' scoresheet for that purpose. Williams appeals from the order revoking her probation and entering judgment and sentence against her for the underlying fraud offense. We reverse.
The supreme court, in disapproving this court's decision in Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986), has now held that the appropriate sentence directed in the second cell of the sentencing guidelines is community control or incarceration. State v. Van Kooten, 522 So.2d 830 (Fla. 1988). In compliance with Van Kooten, we reverse Williams' sentence of thirty months' incarceration plus community control. However, we find nothing in the supreme court's decision that would prohibit the imposition of a term of probation not exceeding the statutory maximum allowable sentence to follow incarceration. Fla. R.Crim.P. 3.701(d)(12).
We now address Williams' allegations of trial court errors in this appeal. First, she challenges the split sentence on the basis that it violates the prohibition against ex post facto penalties annunciated in Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Although our reversal of Williams' sentence renders this point moot, we consider the issue in this opinion in order to obviate its recurrence in a subsequent appeal by Williams, since as previously noted the trial court has the ability on remand to impose a split sentence encompassing probation in place of community control.
The committee note to the split sentence rule 3.701(d)(12), Florida Rules of Criminal Procedure, in effect at the time of Williams' offense provided that:
If a split sentence is imposed (i.e. a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range.

*460 (Emphasis added). That note has since been amended to read as follows:
If a split sentence is imposed (i.e. a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.

(Emphasis added).
While at first blush the amended note[1] appears to result in Williams receiving a harsher penalty than that which could have been imposed under the previous note in a manner violative of Miller, we do not find that to be the case under the particular circumstances here. For the reasons which follow, we hold that the second prong of Miller, which requires that "it [amended note] must disadvantage the offender affected by it [amended note]," has not been satisfied in this case. Id. at 2451 (quoting Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)).
Under the guidelines in existence at the time of Williams' offense of welfare fraud, the trial court potentially could depart to the extent of the statutory maximum sentence of five years[2] for Williams' violation of probation so long as that reason was stated in writing.[3] Therefore, the fact that under the revised committee note the trial court could impose a penalty up to the statutory maximum produced neither a harsher nor more lenient sentence. Stated differently, the ultimate potential sentence which Williams could receive under either the guidelines in effect at time of the crime or the guidelines in existence at sentencing is the same-five years. Cf. Colbert v. State, 518 So.2d 448 (Fla. 2d DCA 1988) (this court upheld defendant's split sentence under the amended committee note for the reason that the guidelines at time of offense exposed defendant to a more severe penalty than under the guidelines in effect at resentencing).
Therefore, since the guidelines in existence at the time of Williams' offense of welfare fraud permitted a sentencing departure to the extent of the statutory maximum sentence of five years for Williams' violation of probation, there is no reason that the trial court, upon remand, cannot sentence Williams to twelve to thirty months' incarceration to be followed by probation, so long as the total penalty does not exceed five years. See Johnson v. State, 511 So.2d 748 (Fla. 5th DCA 1987).
Williams' second contention which focuses on the lack of conformity of certain aspects of the revocation order, the judgment and sentence to the trial court's pronouncements is meritorious.
A review of the record before us reflects that the trial court expressly declined to violate Williams for failure to comply with financial obligations, revoking her probation solely upon her commission of a separate criminal offense (condition 5). Nonetheless, the written revocation order indicated Williams had violated conditions 2, 10, and 12, all involving her financial obligations, in addition to condition 5. Likewise, the written judgment and sentence imposed certain conditions (17, 18, and 19) of community control not ordered by the trial court at the sentencing hearing. A trial court's written orders must conform to its pronouncements. Bexley v. State, 490 So.2d 226 (Fla. 2d DCA 1986).
Reversed and remanded for proceedings consistent with this opinion.
HALL, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The committee notes to sentencing guidelines have been adopted by the supreme court as part of the rules and are entitled to the same force and effect as the rules. Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985).
[2] See § 775.082(3)(d), Fla. Stat. (1983).
[3] The trial court properly accomplished that here when it listed the VOP as its reason for departure on Williams' scoresheet. See Speights v. State, 495 So.2d 882 (Fla. 2d DCA 1986), review denied, 501 So.2d 1283 (Fla. 1986).