SHARP, Judge.
The state agrees that the sentences imposed on Smith for three criminal proceedings involving third degree felonies exceeded the recommended sentencing guidelines range, and the permitted one-bracket bump-up for violation of probation, without any written reasons being given for the additional departure. In addition, the sentences imposed in two of the cases also exceed the statutory maximum for third degree felonies. The three cases had been combined below for sentencing.
The trial court sentenced Smith, after remand, to 3V2 years in prison followed by IV2 years on community control for one offense (Case No. 87-8165). It left standing the sentences of 3½ years in prison followed by 2½ years on community control for two others (Case Nos. 86-8309 and 86-7238). Based on Smith’s scoresheet, three years in prison is the maximum bump-up allowed without giving written reasons for departure, and the addition thereafter of community control further exceeds the permissible guidelines sentence. Monroe v. State, 539 So.2d 574 (Fla. 5th DCA 1989). See State v. VanKooten, 522 So.2d 830 (Fla.1988); Williams v. State, 525 So.2d 458 (Fla. 2d DCA 1988).
Accordingly, we affirm Smith’s convictions in all three cases, but we reverse the sentences imposed and remand for resen-tencing within the maximum guidelines range of three years in prison.
Convictions AFFIRMED; SENTENCES QUASHED; and REMANDED for resen-tencing.
DANIEL, C.J., and COBB, J., concur.