# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2054
Lower Tribunal No. F84-24737A
_____

**Jesus Ruiz,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura Shearon Cruz, Judge.

The Law Office of Robert David Malove, P.A., and Robert David Malove and Hani Demetrious (Fort Lauderdale), for appellant.

James Uthmeier, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before EMAS, LOGUE, and GORDO, JJ.

PER CURIAM.

Affirmed. See Albritton v. State, 476 So. 2d 158, 160 (Fla. 1985) superseded on other grounds by ch. 87-110, § 2, Laws of Fla. (holding that "when a departure sentence is grounded on both valid and invalid reasons [] the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence."); Ruiz v. State, 516 So. 2d 1057, 1058 (Fla. 3d DCA 1987) ("Ruiz I") (affirming defendant's sentence because the two invalid bases for an upward departure were subsumed within the third basis (an escalating pattern of criminal activity), and holding "it is clear to us . . . that the sentence would have been the same without the invalid reasons"); see also Tundidor v. State, 221 So. 3d 587, 605 (Fla. 2017) (holding "the error is harmless if the record conclusively shows that the trial court would have imposed the same sentence using a corrected scoresheet.").